OPINION OF THE COURT
Leon Ruchelsman, J.
The question this case presents is whether a defendant has the right to be sentenced by the same Judge who accepted the defendant’s guilty plea pursuant to a plea bargain. Consequently, is the failure to afford the defendant the same Judge to preside over both the plea acceptance as well as the sentenc *526 ing grounds for withdrawal of the plea pursuant to CPL 220.60 (3)?
PROCEDURAL HISTORY
On January 6 and 7, 1995 the defendant and his wife, the complainant, became involved in an argument. The defendant assaulted and physically overpowered the complainant. The defendant was charged with sexual misconduct, assault, menacing and harassment. On February 28, the defendant assaulted the complainant again and was charged with assault and harassment. Additionally, a protective order was issued for the protection of the complainant. On March 29, the defendant violated the protective order and was subsequently charged with criminal contempt in the second degree (Penal Law § 215.50 [3]) and harassment. On January 2, 1996 the defendant pleaded guilty to the criminal contempt charge before Judge Lorin Duckman. Judge Duckman informed the defendant that the maximum sentence which could be imposed was one year and that the sentencing determination would only be concluded after examining the probationer’s report. The defendant stated that he understood the Judge’s instructions and agreed to return on February 26, 1996 for sentencing. On February 26, Judge Duckman was not presiding in Criminal Court, and the sentencing of the defendant was scheduled to proceed in Jury Part 2 as originally indicated.
Defendant now asserts that he can withdraw his guilty plea on the grounds that the Judge who accepted the plea will not preside over the sentencing. Defendant maintains that an essential element of the plea negotiations included the assurance that Judge Duckman would preside over the sentencing. Furthermore, defendant contends, he would not have pleaded guilty had he been aware that a different Judge would decide the appropriate sentence. This issue which is apparently one of first impression in New York demands an analysis of current plea bargaining and sentencing procedures.
LAW
Plea bargaining is the process whereby the defendant and the prosecution mutually agree to the disposition of certain criminal matters thereby obviating the necessity for often lengthy and uncertain trials (Santobello v New York, 404 US 257 [1971]; People v Selikoff, 35 NY2d 227 [1974], cert denied 419 US 1122; People v Seaberg, 74 NY2d 1 [1989]). For a plea to be valid the defendant must voluntarily and knowingly agree *527 to the terms and conditions of the plea (People v Fiumefreddo, 82 NY2d 536 [1993]; People v Green, 208 AD2d 950 [2d Dept 1994]). A plea of guilty has the functional equivalent of a conviction (Boykin v Alabama, 395 US 238 [1969]).
Therefore, once a defendant has agreed to plead guilty the People are no longer required to prove the case beyond a reasonable doubt (People v D'Amico, 147 Misc 2d 731 [Sup Ct, Suffolk County 1990], affd 179 AD2d 671). In fact a plea of guilty marks the end of the criminal case (People v Taylor, 65 NY2d 1 [1985]). Thus, no trial is conducted nor is the defendant entitled to any of the rights which accompany a trial since they are waived upon pleading guilty (People v Lee, 58 NY2d 491 [1983]). On the other hand, a sentence is defined as the "imposition and entry of sentence upon a conviction” (CPL 1.20 [14]). When a Judge imposes a sentence, he must base the sentence within the context of the crimes charged and the particular circumstances of the offender (People v Semkus, 109 AD2d 902 [2d Dept 1985]; People v Abrams, 203 AD2d 723 [3d Dept 1994]). The final sentencing decision rests with the sound discretion of the court (People v Schultz, 73 NY2d 757 [1988]; People v Farrar, 52 NY2d 302 [1981]) and the Sentencing Judge may consult with many different sources and evidentiary materials such as prior history reports in helping to determine a proper sentence (People v Wright, 104 Misc 2d 911 [Sup Ct, NY County 1980]).
When a sentence must be imposed following a guilty plea, Judges employ the same discretionary principles that are utilized in determining sentences following trials (People v Guzman, 155 AD2d 263 [1st Dept 1989]; People v Van Hoesen, 213 AD2d 944 [3d Dept 1995]). Thus, there is no functional or legal distinction between a sentence imposed following a trial or a sentence imposed pursuant to a guilty plea. In both instances, sentencing considerations focus on the nature of the crimes charged, societal dangers, deterrence and rehabilitation. These judicial inquiries take place only after the trial or its functional equivalent is completed.
The defendant maintains that the same Judge must preside over both stages of the plea bargain since that was part of the plea agreement. The defendant contends that if that is not feasible then he should be permitted to withdraw the plea pursuant to CPL 220.60 (3). This section states: "At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment * * * to withdraw such plea, and in such event the entire indictment, as it existed at the time of such plea, is restored.”
*528 As a general rule then, a plea cannot be withdrawn unless the defendant can exhibit some evidence of innocence, or some indicia of fraud or mistake inducing the plea. (People v Benoit, 142 AD2d 794 [3d Dept 1988].) For example, sentencing the defendant for a different period of time than promised is a breach of the plea agreement and grounds for withdrawal (People v Gaskins, 171 AD2d 272 [2d Dept 1991]).
However, when considering the question whether a different Sentencing Judge constitutes a breach of the plea agreement, the court notes that New York cases have not discussed this issue. The court, therefore, will turn to other jurisdictions to examine the relevant case law. In State v Manning (141 Vt 192, 446 A2d 775 [1982]), the Supreme Court of Vermont held that a defendant was not entitled to the same Judge for both stages of the plea bargain. The court explained that the record failed to indicate that requiring the same Judge was part of the plea agreement or that the defendant expected as such. Moreover, the court was satisfied that the Sentencing Judge was sufficiently familiar with the facts of the case to be able to impose a sentence with the same knowledge as the first Judge. Therefore, the court denied defendant’s motion.
Similarly, in State v Russo (262 NJ Super 367, 621 A2d 50 [1993]), the Appellate Division of the Superior Court of New Jersey held that the defendant had no right to have the same Judge preside over both the plea acceptance and the sentencing. Additionally, in State v Carson (597 P2d 862), the Supreme Court of Utah held that while it may be preferable for the same Judge who accepted the plea to also sentence the defendant, it was not required. However, the court did point out that the Sentencing Judge must become sufficiently familiar with the facts and circumstances of the case to impose a fair and reasoned sentence.[1]
Applying these principles to this case, there was no mention in the record that Judge Duckman would be the Sentencing Judge. Nor was there any implication that the defendant agreed to plead guilty in expectation that Judge Duckman would preside over the sentencing stage of the plea. In fact the record is bereft of any evidence which would support defendant’s contention that his plea was somehow predicated on the presence of a particular Judge at sentencing. The defendant’s *529 expectations without an accompanying promise on the part of the Judge who accepted the plea cannot demand that same Judge for sentencing.
Nor does the court feel compelled to follow the rule of at least one other jurisdiction which does require the defendant to be sentenced by the same Judge who accepted the guilty plea. In People v Arbuckle (22 Cal 3d 749, 587 P2d 220, 150 Cal Rptr 778 [1978]), the Supreme Court of California held that where a Judge retains sentencing discretion pursuant to a plea bargain then that Judge must impose the sentence. The court specifically found that the same Judge intended to maintain sentencing control over the case by his repeated use of personal pronouns when referring to the sentencing proceeding. Consequently, the court concluded that whenever a Judge retains sentencing discretion under the agreement, an implied term of the bargain requires that the sentence will be imposed by that Judge.
In the case at bar, there is no indication that Judge Duck-man retained sentencing discretion. Judge Duckman never stated that he would preside over the sentencing. Nor did he promise or in some way intimate the outcome of the sentencing determination. The record does not reveal any manifestations of sentencing authority on the part of Judge Duckman sufficient to conclude that he would preside over the sentencing of the defendant.[2]
Additionally this court is cognizant of the American Bar Association Standards For Criminal Justice. Specifically, chapter 18, part V (D) (ii) states: "If guilt was determined by plea, the judge who accepted the plea should preside in sentencing proceedings unless the system of rotating assignment of judges in a multi-judge court makes that unfeasible.” The commentary to this standard points out that the principles governing this rule are to insure the Sentencing Judge is sufficiently familiar with the specific facts and circumstances of the case to impose an appropriate sentence. Therefore, the unfeasability *530 of the same Judge would not hinder the sentencing decision as long as the Sentencing Judge is familiar with the case.
Pursuant to New York Constitution, article VI, § 26 (g), a Judge of a court.of New York City may be assigned to another court of New York City. Thus, the assignment system permitted by the State Constitution would render the request to maintain the same Judge for both stages of the plea virtually unfeasible. This does not imply that the defendant would therefore appear before a Judge for sentencing who is unfamiliar with the case. On the contrary, the Sentencing Judge must familiarize himself or herself with all the relevant information of the case including the probation report recommending an appropriate sentence and any other material deemed necessary to impose a proper sentence.
A careful inspection of the court records indicate that the defendant has appeared before this court approximately 13 times, as the case progressed including the Huntley hearing where many of the specific facts and issues of the case were discussed. Additionally, this court decided the motion to consolidate the three dockets for trial on October 13, 1995. In contrast, Judge Duckman presided over this case only two times, at the February 28 arraignment, and the plea acceptance.
Thus, there is clearly sufficient evidence to rebut the contention that only one Judge could be familiar with this case to impose a proper sentence. In fact the defendant’s arguments to the contrary are completely unsupported by the record. The defendant’s sentence will only be imposed after careful consideration of all relevant information. Therefore, based on the foregoing, the defendant’s motion is denied.

. Likewise, in State v Clark (217 Neb 417, 350 NW2d 521 [1984]), the Supreme Court of Nebraska held that it was not required for a defendant to have the same Judge who accepted the guilty plea also preside over the sentencing.

. Judge Duckman’s single question which contained a personal pronoun: "Do you understand I could sentence you up to a year in jail on this case?” (emphasis added) would not imply an intent to retain sentencing discretion. That question was not stated as a command to retain such discretion and Judge Duckman’s lack of additional statements of authority regarding maintaining such discretion would tend to support that conclusion. Rather the question merely reflected the maximum sentence which this Judge or any Judge could impose. In any event it is clear the defendant was aware that the maximum sentence of one year was a possible consequence of his guilty plea.