■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD MELENDEZ, Appellant. [852 NYS2d 440]—Malone Jr., J. Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered May 9, 2006, convicting defendant upon his plea of guilty of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and resisting arrest.

On April 21, 2005, defendant was arrested for driving while intoxicated. He became physically combative after he was handcuffed and had to be restrained and forceably put into the patrol car. As a result, defendant was charged in an indictment with driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and resisting arrest. The parties subsequently entered into a stipulation in lieu of motions which, among other things, provided that the prosecution would submit the grand jury minutes to County Court to ascertain the legal sufficiency of the evidence supporting the indictment and the adequacy of the instructions given to the grand jury. Upon reviewing the grand jury minutes, County Court concluded that the evidence was legally sufficient to support the indictment and that the instructions were adequate. While acknowledging that the prosecutor gave one erroneous instruction and improperly characterized a witness's testimony during summation, County Court nonetheless ruled that such errors did not compromise the integrity of the grand jury or prejudice the result reached.

Thereafter, defendant pleaded guilty to the crimes charged in the indictment. He was sentenced to concurrent prison terms of $1^2/_3$ to 5 years for driving while intoxicated and 1 to 3 years for aggravated unlicensed operation of a motor vehicle in the first degree, and one year in jail for resisting arrest. Defendant now appeals.

Initially, defendant asserts that the grand jury minutes should be released to and reviewed by this Court to determine if additional improprieties exist warranting the dismissal of the indictment. We note that the grand jury minutes have, in fact, been submitted to this Court for in camera review. Nevertheless, defendant, by his guilty plea, has waived his right to challenge the legal sufficiency of the evidence supporting the indictment (*see People v Dunbar*, 53 NY2d 868, 871 [1981]; *People v Williams*, 25 AD3d 927, 929 [2006], *lv denied* 6 NY3d 840 [2006]). As for the matters that survive defendant's guilty plea, our review of the grand jury minutes does not disclose the existence of irregularities involving jurisdictional or constitutional defects that implicate the integrity of the grand jury process

(*see People v Hansen*, 95 NY2d 227, 231-233 [2000]; *see generally* CPL 210.30 [5]). Defendant's claim of prosecutorial misconduct is unpreserved for our review and his remaining contentions are lacking in merit.

Peters, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.