■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC D. HELLER, Appellant. [889 NYS2d 297]—

Peters, J. Appeal from a judgment of the County Court of Warren County (Hall, J.), rendered April 2, 2008, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree, grand larceny in the fourth degree and criminal possession of a weapon in the fourth degree.

Defendant was charged in a three-count indictment with robbery in the first degree, grand larceny in the fourth degree and criminal possession of a weapon in the fourth degree, arising out of a car theft and subsequent bank robbery. County Court denied his motion to dismiss the robbery count on the ground that the evidence before the grand jury was legally insufficient. Thereafter, defendant pleaded guilty to all three counts and was sentenced to an aggregate prison term of 12 years and postrelease supervision of five years. Defendant now appeals and we affirm.

By pleading guilty, defendant waived his argument that the evidence before the grand jury was legally insufficient to support an indictment upon the robbery count (*see People v Hansen*, 95 NY2d 227, 233 [2000]; *People v Cintron*, 62 AD3d 1157, 1158-1159 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Melendez*, 48 AD3d 960, 960 [2008], *lv denied* 10 NY3d 962 [2008]). In any event, defendant claims that the evidence before the grand jury did not establish that he threatened the use of a dangerous instrument (*see* Penal Law § 160.15 [3]), but it included his statement to police that he leapt over the counter at a bank and, while holding a knife in his hand, ordered the teller in front of him to put money in a bag. Viewed in the light most favorable to the People (*see People v Serkiz*, 17 AD3d 28, 29-30 [2005]), that evidence would have warranted defendant's conviction and was legally sufficient (*see People v Mitchell*, 59 AD3d 739, 740 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Thompson*, 273 AD2d 153, 153 [2000], *lv denied* 95 NY2d 908 [2000]).

Cardona, P.J., Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.