■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH WASHINGTON, Appellant. [924 NYS2d 668]—

Kavanagh, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered April 23, 2009, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In March 2008, defendant, while under indictment, pleaded guilty to attempted robbery in the second degree in return for a promise from County Court that he would receive a six-month jail sentence to be followed by five years of probation if he did not become involved in any criminal activity while awaiting sentence. When the court found that defendant had not honored this commitment, it stated that it was no longer bound by the terms of the plea agreement and sentenced defendant to a prison term of three years, plus three years of postrelease supervision. Defendant now appeals.

Defendant does not claim that County Court was obligated to impose the sentence promised under the original plea agreement; instead, he argues that his plea was invalid because County Court, on one occasion during the plea allocution, asked him if he was pleading guilty to attempted robbery in the first degree, instead of attempted robbery in the second degree. Defendant failed to preserve this issue for appellate review because no objection was made to the court's statement during his plea

---

3. Defendant also had a prior conviction of forcible touching in 2002.

allocution, nor has defendant moved to withdraw the plea or vacate the judgment of conviction (*see People v Bolden*, 78 AD3d 1419, 1420 [2010], *lv denied* 16 NY3d 828 [2011]; *People v Holmes*, 75 AD3d 834, 835 [2010], *lv denied* 15 NY3d 921 [2010]; *People v Board*, 75 AD3d 833, 833 [2010]; *People v Brown*, 68 AD3d 1150, 1151 [2009]). Moreover, the narrow exception to the preservation requirement is not applicable here as defendant made no statements during the plea that "negate[d] an essential element of the crime" (*People v Lopez*, 71 NY2d 662, 666 [1988]; *see People v Hill*, 81 AD3d 1040 [2011]).

Similarly, his claim that counsel's failure to take appropriate steps to address this error amounted to ineffective assistance of counsel is also unpreserved (*see People v Lopez*, 74 AD3d 1498, 1499 [2010]; *see also People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]). We also note that counsel's representation of defendant, especially given the favorable terms of the plea bargain he obtained on defendant's behalf, will not be deemed ineffective simply because counsel did not make a motion that had " 'little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Stultz*, 2 NY3d 277, 287 [2004]; *see People v Carmona*, 66 AD3d 1240, 1242 [2009], *lv denied* 14 NY3d 799 [2010]).* To the extent not specifically addressed herein, defendant's remaining contentions have been considered and found to be lacking in merit.

Mercure, J.P., Spain, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

* We note that during defendant's plea allocution, County Court repeatedly correctly identified the crime to which defendant was pleading guilty and, during the allocution, defendant not only openly acknowledged his guilt, but admitted to every element of this offense.