■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS CABAN, Appellant. [932 NYS2d 923]—

McCarthy, J.

Defendant, a prison inmate, was charged in a two-count

indictment with crimes arising out of the assault of two correction officers in April 2009. Pursuant to a plea agreement, defendant pleaded guilty to one count of attempted assault in the second degree in satisfaction of the indictment and was sentenced as a second felony offender to a prison term of 1½ to 3 years to be served consecutively to the term for which he was currently incarcerated. Defendant now appeals.

We affirm. Defendant first argues that he was deprived of his statutory right to testify at the grand jury proceedings (*see* CPL 190.50 [5] [a]). Any motion to dismiss based on such alleged violation must be made no later than five days after arraignment on the indictment or such challenge will be deemed waived (*see* CPL 190.50 [5] [c]; *People v Rolle*, 72 AD3d 1393, 1395 [2010], *lv denied* 16 NY3d 745 [2011]; *People v Boodrow*, 42 AD3d 582, 584 [2007]). County Court properly denied defendant's motion here inasmuch as his arraignment took place on July 9, 2009 and his motion to dismiss on such ground was not filed with the court until August 25, 2009 (*see People v Weis*, 56 AD3d 900, 902 [2008], *lv denied* 12 NY3d 763 [2009]; *People v Boodrow*, 42 AD3d at 584). In any event, there is no evidence in the record that defendant served the required written notice on the District Attorney regarding his desire to testify (*see* CPL 190.50 [5] [a]). The record contains only an unnotarized letter dated May 21, 2009 in which defendant purports to notify the District Attorney of his desire to testify. To the contrary, an affidavit submitted by the record keeper for the Washington County District Attorney's office detailed the procedures employed when such letters are received and stated that a diligent search of defendant's file and the correspondence log revealed that no letter had been received. As such, we find that defendant failed to carry his burden of establishing that the letter was actually received by the District Attorney (*see People v Logan*, 305 AD2d 797, 798 [2003], *lv denied* 100 NY3d 584 [2003]; *People v Brown*, 300 AD2d 918, 919 [2002], *lv denied* 100 NY2d 536 [2003]). Defendant's related argument that the indictment was not supported by legally sufficient evidence was waived by virtue of his valid guilty plea (*see People v Herringshaw*, 83 AD3d 1133, 1134 [2011]; *People v Heller*, 67 AD3d 1253, 1254 [2009]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]).

The gravamen of defendant's claim that he was denied the effective assistance of counsel is that counsel failed to timely file the motion to dismiss based upon the denial of his right to testify before the grand jury. However, "ineffective assistance does not result from counsel's failure to 'make [or more enthu-

siastically support] a motion or argument that has little or no chance of success' " (*People v Weatherspoon*, 86 AD3d 792, 793 [2011], quoting *People v Caban*, 5 NY3d 143, 152 [2005]; *see People v Washington*, 85 AD3d 1303, 1304 [2011]). To the extent that defendant challenges the balance of his representation, we note that counsel made appropriate pretrial motions, was well prepared for all proceedings and garnered defendant an advantageous plea (*see People v Moreno*, 86 AD3d 863, 865 [2011]; *People v Shurock*, 83 AD3d 1342, 1344 [2011]).

Finally, the sentence agreed upon and imposed cannot be considered harsh or excessive inasmuch as it was the minimum permissible term for defendant's offense (*see* Penal Law § 70.06 [3] [e]; [4] [b]; § 110.05 [6]; § 120.05; *People v Terpening*, 79 AD3d 1367, 1368 [2010], *lv denied* 16 NY3d 837 [2011]).

Peters, J.P., Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.