(June 12, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND COLE, JR., Also Known as JUNIOR, Appellant. [987 NYS2d 247]—

Egan Jr., J. Appeal from a judgment of the County Court of Cortland County (Ames, J.), rendered March 18, 2008, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was indicted and charged with two counts of criminal sale of a controlled substance in the third degree. Following the denial of his motion to dismiss the indictment, defendant pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree in full satisfaction of both the underlying indictment and other pending charges. County Court denied defendant's subsequent motion to withdraw his plea without a hearing and thereafter sentenced defendant to time served and five years of probation. This appeal by defendant ensued.

We affirm. "A guilty plea generally represents a compromise or bargain struck after negotiation between defendant and the People. As such, it marks the end of a criminal case, not a gateway to further litigation" (*People v Taylor*, 65 NY2d 1, 5 [1985]; *see People v Mercer*, 81 AD3d 1159, 1160 [2011], *lv denied* 19 NY3d 999 [2012]). For that reason, "[a] guilty plea not only constitutes an actual waiver of certain rights associated with a trial, but also effects a forfeiture of the right to renew many arguments made before the plea" (*People v Taylor*, 65 NY2d at 5), including claims founded upon nonjurisdictional defects in the grand jury proceeding (*see People v Gerber*, 182 AD2d 252, 260-261 [1992], *lv denied* 80 NY2d 1026 [1992]), the legal sufficiency of the evidence underlying the indictment (*see People v Caban*, 89 AD3d 1321, 1322 [2011]; *People v Heller*, 67 AD3d 1253, 1254 [2009]; *People v Cintron*, 62 AD3d 1157, 1158 [2009], *lv denied* 13 NY3d 742 [2009]; *People v Melendez*, 48 AD3d 960, 960 [2008], *lv denied* 10 NY3d 962 [2008]) and the form and factual specificity thereof (*see People v Taylor*, 65 NY2d at 5; *People v Slingerland*, 101 AD3d 1265, 1265-1266 [2012], *lv denied* 20 NY3d 1104 [2013]), as well as any claim that the counts contained therein are multiplicitous* (*see People v Oak-*

---

* "An indictment is duplicitous when a single count charges more than one offense. It is multiplicitous when a single offense is charged in more than one count" (*People v Alonzo*, 16 NY3d 267, 269 [2011] [citations omitted]). Although defendant argues on appeal that the underlying indictment was duplicitous, it is apparent from a review of his respective motions that his actual claim is that the subject indictment is multiplicitous.

*ley*, 112 AD3d 1064, 1064 [2013], *lv denied* 22 NY3d 1140 [2014]; *People v Chase*, 101 AD3d 1141, 1141 [2012], *lv denied* 20 NY3d 1097 [2013]; *People v Slingerland*, 101 AD3d at 1265-1266). Accordingly, defendant's present claims—that the evidence before the grand jury consisted solely of incompetent hearsay evidence and, therefore, was legally insufficient to support the indictment, that the indictment was facially defective in that it failed to give notice of the specific time and date of the alleged sales and that counts one and two of the indictment were multiplicitous because the same offense was charged in both counts— were forfeited by his subsequent plea of guilty (*see People v Chase*, 101 AD3d at 1141; *People v Slingerland*, 101 AD3d at 1265-1266; *People v Heller*, 67 AD3d at 1254).

Turning to defendant's motion to withdraw his plea, to the extent that defendant's motion is based upon his assertion that counsel provided him with erroneous legal advice or withheld certain documents from him, this claim implicates matters outside of the record and, as such, is more properly the subject of a CPL article 440 motion (*see People v English*, 100 AD3d 1147, 1148 [2012]; *People v Underdue*, 89 AD3d 1132, 1134 [2011], *lv denied* 19 NY3d 969 [2012]). As to the balance of defendant's motion, "[t]he decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v Carbone*, 101 AD3d 1232, 1234 [2012] [internal quotation marks and citations omitted]; *see People v Smith*, 89 AD3d 1328, 1328 [2011]). Here, County Court conducted a thorough and detailed plea colloquy, during the course of which defendant readily admitted to conduct constituting the relevant crime, stated that he was satisfied with counsel's services, acknowledged that he was forfeiting the right to raise any available defenses, denied being threatened or coerced in any fashion and indicated that he was pleading guilty freely and voluntarily. Under these circumstances, defendant's unsubstantiated assertions of innocence were insufficient to trigger a hearing, and County Court properly denied defendant's motion to withdraw his plea (*see People v Smith*, 89 AD3d at 1328; *People v Griffin*, 89 AD3d 1235, 1236-1237 [2011]; *People v Herringshaw*, 83 AD3d 1133, 1133-1134 [2011]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, P.J., Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.