*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                     106512
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                        MEMORANDUM AND ORDER

JACQUELINE SMALLS,
                        Appellant.
_____

Calendar Date:  March 31, 2015

Before:  Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Keeley A. Maloney, Albany, for appellant, and appellant pro
se.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

_____

        Appeal from a judgment of the Supreme Court (Coccoma, J.),
rendered December 9, 2013 in Schenectady County, convicting
defendant upon her plea of guilty of the crime of manslaughter in
the first degree.

        Following the stabbing death of her boyfriend, defendant
was indicted and charged with murder in the second degree and
menacing in the second degree.  In full satisfaction of those
charges, defendant thereafter pleaded guilty to manslaughter in
the first degree and waived her right to appeal.  Supreme Court
subsequently imposed the agreed-upon sentence of 15 years in
prison followed by a period of postrelease supervision that was
consistent with the terms of the plea agreement.  Defendant now
appeals.

We affirm.  Defendant primarily contends that she should have received an indeterminate sentence pursuant to Penal Law § 60.12.  This statute permits a sentencing court otherwise required to impose a determinate sentence under Penal Law § 70.02 to impose an indeterminate sentence if, following a hearing, the court concludes that "(a) the defendant was the victim of physical, sexual or psychological abuse by the victim or intended victim of such offense, (b) such abuse was a factor in causing the defendant to commit such offense and (c) the victim or intended victim of such offense was a member of the same family or household as the defendant" (Penal Law § 60.12 [1]).  To the extent that defendant's argument in this regard may be construed as a challenge to the severity of her sentence, such claim is precluded by her valid and uncontested waiver of the right to appeal (see People v White, 119 AD3d 1286, 1287 [2014], lv denied 24 NY3d 1222 [2015]; People v Munger, 117 AD3d 1343, 1343 [2014], lv denied 23 NY3d 1040 [2014]).  Assuming, without deciding, that this particular argument survives defendant's waiver of the right to appeal, a review of the record reveals that defendant failed to seek such relief from Supreme Court and, therefore, this issue has not been preserved for our review (see CPL 470.05 [2]).

There indeed are instances where the sentencing court is under an affirmative — and statutorily imposed — obligation to consider whether a criminal defendant is eligible for alternative sentencing treatment (see e.g. CPL 720.20 [1]) and, in such cases, the statutory requirement cannot be dispensed with — even if the defendant fails to request and/or purports to waive such treatment (see e.g. People v Rudolph, 21 NY3d 497, 499-501 [2013]).  To our analysis, however, Penal Law § 60.21 imposes no such affirmative requirement.  Rather, the statute vests the sentencing court with the discretion to impose an indeterminate sentence if, following a hearing, certain enumerated criteria are met.  Here, defendant failed to seek such relief from Supreme Court, agreeing instead to plead guilty with the understanding that she would receive a determinate sentence of 15 years in prison — a sentence that she readily concedes is legal.  Under these circumstances, defendant's failure to request that Supreme Court consider imposing an alternative sentence under Penal Law § 60.12 is fatal to her claim, and we discern no basis upon which to take corrective action in the interest of justice.  Finally,

to the extent that defendant's pro se brief may be read as challenging the legal sufficiency of the evidence underlying the indictment, this issue was forfeited by virtue of defendant's guilty plea (see People v Cole, 118 AD3d 1098, 1099-1100 [2014]; People v Caban, 89 AD3d 1321, 1322 [2011]).

Lahtinen, J.P., McCarthy, Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court