*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 2, 2015                    105691
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ROY KUHLMANN,
                    Appellant.
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

_____

        Robert A. Regan, Glens Falls, for appellant, and appellant
pro se.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Warren County
(Hall, J.), rendered December 19, 2012, convicting defendant upon
his plea of guilty of the crime of assault in the second degree.

        In satisfaction of a 10-count indictment and other
potential charges arising from multiple acts of domestic violence
against his girlfriend in 2011 and 2012, defendant pleaded guilty
to assault in the second degree, admitting that he intentionally
caused serious physical injuries to her.  In exchange, he was
promised a sentence not to exceed 5½ years in prison and five
years of postrelease supervision.  At sentencing, defendant
discharged his attorney and proceeded pro se, and County Court
imposed a prison sentence of 5½ years with three years of

postrelease supervision and an order of protection was issued in favor of the victim. Defendant appeals.

We affirm. Initially, defendant's contention that he discharged his assigned counsel prior to the plea proceedings is not supported by the record, which reveals that defendant affirmed that assigned counsel continued to represent him and was authorized to speak on his behalf, and that he was satisfied with her representation. When defendant discharged counsel at sentencing, he neither requested nor demonstrated good cause for the appointment of substitute counsel (see People v Porto, 16 NY3d 93, 99-100 [2010]). Defendant's further challenge to his guilty plea as involuntary was not, as he claims, preserved for our review by an appropriate postallocution motion to withdraw his guilty plea (see People v Guyette, 121 AD3d 1430, 1431 [2014]), and he did not make any statements during the plea allocution that triggered the narrow exception to the preservation requirement (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Lopez, 71 NY2d 662, 665-666 [1988]). In any event, the record reflects that defendant's plea was knowing, voluntary and intelligent (see People v Tyrell, 22 NY3d at 365), and his argument that the indictment was not supported by legally sufficient evidence was waived by his valid guilty plea (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Caban, 89 AD3d 1321, 1322 [2011]).

Further, defendant's pro se allegation that County Court and defense counsel "changed the record" to alter the terms of the plea agreement is not supported by the record before us and, given that it concerns matters outside the record, it is more properly raised in a CPL article 440 motion (see People v Elliot, 62 AD3d 1098, 1099 [2009], lv denied 12 NY3d 924 [2009]; People v Ramey, 123 AD3d 1290, 1291 [2014], lv denied 25 NY3d 953 [2015]). Defendant's related claim that County Court promised him a three-year sentence is belied by the record (see People v La Porte, 31 AD3d 800, 801 [2006], lv denied 7 NY3d 849 [2006]). Finally, in view of defendant's extensive criminal history, the violent nature of the charged conduct and his lack of remorse, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the negotiated sentence in the interest of justice (see People v Shan, 117 AD3d 1098, 1098-1099 [2014], lv denied 23

NY3d 1042 [2014]).

Peters, P.J., Lahtinen and Lynch, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court