Devine, J.
Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered May 5, 2014, convicting defendant upon his plea of guilty of the crimes of reckless endangerment in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree.
Defendant pleaded guilty to an amended indictment charging him with reckless endangerment in the second degree, criminal possession of a weapon in the third degree and menacing in the second degree. No sentencing promises were made, and County Court imposed an aggregate prison sentence of 2 to 6 years. Defendant appeals, and we affirm.
Defendant initially asserts that a review of the grand jury minutes may disclose jurisdictional defects, an issue that survives his guilty plea (see People v Hansen, 95 NY2d 227, 231-232 [2000]; People v Melendez, 48 AD3d 960, 960-961 [2008], lv denied 10 NY3d 962 [2008]). Having reviewed the *1120 minutes, we discovered no such infirmities (see People v Melendez, 48 AD3d at 960-961), and see no need to direct the release of the grand jury minutes to defendant as a prelude to further motion practice.
Next, defendant argues that statements he made several hours after sustaining a gunshot wound to his head should have been suppressed as involuntary because he lacked the ability to comprehend the ramifications of waiving his Miranda rights. The evidence presented at the suppression hearing— including a video recording of the interrogation that showed defendant executing an acknowledgment and waiver of Miranda rights — demonstrated that defendant was informed of and understood his Miranda warnings and was not under duress or undue influence when he made his statements. Defendant displayed no outward signs of discomfort while being questioned, and his responses to the officers were, at all times, clear, coherent and appropriate (see People v Pearce, 283 AD2d 1007, 1007 [2001], lv denied 96 NY2d 923 [2001]; People v Howard, 256 AD2d 1170, 1170 [1998], lv denied 93 NY2d 874 [1999]). Defendant testified at the Huntley hearing that he was “in pain,” “drowsy” and in “a dream state” during his interrogation, but County Court specifically found his testimony to be incredible. Viewing the totality of the circumstances, and according great weight to County Court’s factual findings and credibility determinations (see People v Lind, 20 AD3d 765, 766 [2005], lv denied 5 NY3d 830 [2005]), we conclude that defendant’s statement was knowing and voluntary (see People v Legere, 81 AD3d 746, 748 [2011]; People v May, 263 AD2d 215, 219 [2000], lv denied 94 NY2d 950 [2000]).
Defendant’s contention that his plea was not knowing and voluntary was not preserved by an appropriate postallocution motion and, inasmuch as defendant did not make any statements during the allocution that were inconsistent with his guilt or the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Pickett, 128 AD3d 1275, 1276 [2015], lv denied 26 NY3d 933 [2015]; People v Buie, 128 AD3d 1281, 1281 [2015]). Finally, we are unpersuaded that County Court abused its discretion in sentencing defendant and, upon review of the record, discern no extraordinary circumstances warranting a reduced sentence in the interest of justice (see People v Norton, 88 AD3d 1027, 1028-1029 [2011]).
Peters, P.J., Garry, Egan Jr. and Clark, JJ., concur.
Ordered that the judgment is affirmed.