*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    106865
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

SAEED T. KAID,
                    Appellant.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Abbie Goldbas, Utica, for appellant, and appellant pro se.

        Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 10, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

        Shortly before midnight on March 17, 2013, the State Police stopped a vehicle for speeding in the Town of Horseheads, Chemung County.  Defendant was a passenger in the vehicle and, after being asked to exit the vehicle due to his suspicious behavior, a partial pat-down search disclosed a small bag of marihuana in his pocket.  He was handcuffed and placed on the bumper of the patrol car, after which one of the troopers who made the stop observed "a baseball to softball size plastic" bag on the ground beneath a fidgeting defendant.  Inside the bag were smaller baggies

containing what was later identified to be heroin and cocaine.

Defendant was thereafter charged in a four-count indictment with various drug offenses, and County Court (Keene, J.) denied his motion to suppress the evidence recovered in the wake of the traffic stop. He then elected to plead guilty to one count of criminal possession of a controlled substance in the third degree stemming from his possession of cocaine. Defendant did so upon the understanding that he would be sentenced, as a second felony offender, to six years in prison and three years of postrelease supervision. County Court (Hayden, J.) imposed the agreed-upon sentence, and defendant now appeals.

Defense counsel bases the arguments in her brief upon the premise that defendant was asked to waive his right to appeal as a component of the plea agreement but did not validly do so. The assumption is a faulty one inasmuch as defendant was never asked, and did not attempt, to waive his right to appeal. Defendant thereafter submitted a pro se supplemental brief advancing issues pertinent to this appeal, but "neither a review of the record by [this Court] nor a pro se brief can substitute for the single-minded advocacy of appellate counsel" (People v Casiano, 67 NY2d 906, 907 [1986]; see People v Stokes, 95 NY2d 633, 636-637 [2001]; People v Gonzalez, 47 NY2d 606, 610-611 [1979]). In order to ensure that defendant receives due process of law under these peculiar circumstances, his "appeal must be held in abeyance, his assigned counsel relieved, and new appellate counsel assigned to serve and file a brief on behalf of the defendant" (People v Chrzanowski, 139 AD2d 755, 756 [1988]; see Smith v Robbins, 528 US 259, 277 [2000]; Evitts v Lucey, 469 US 387, 396-397 [1985]; People v Casiano, 67 NY2d at 907).

Garry, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.

ORDERED that the decision is withheld, counsel is relieved of assignment and new counsel to be assigned.


ENTER:

Robert D. Mayberger
Clerk of the Court