People v Kaid (2018 NY Slip Op 05224)





People v Kaid


2018 NY Slip Op 05224


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

106865

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SAEED T. KAID, Appellant.

Calendar Date: June 4, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and Aarons, JJ.


G. Scott Walling, Slingerlands, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (John R. Thweatt of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered March 10, 2014, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
As detailed in our prior decision in this matter (141 AD3d 741 [2016]), the State Police stopped a vehicle for speeding in the Town of Horseheads, Chemung County on March 17, 2013. Defendant was a passenger in the vehicle and, after exiting the vehicle and being patted down, marhiuana was found on his person. He was handcuffed and placed on the bumper of the patrol car, after which one of the troopers observed a plastic bag fall on the ground beneath defendant that was later determined to contain cocaine and heroin.
Defendant was charged in a four-count indictment with various drug offenses. His motion to suppress evidence obtained from the stop of the vehicle and the subsequent search conducted by the trooper was denied. Defendant then pleaded guilty to one count of criminal possession of a controlled substance in the third degree in satisfaction of the indictment. As contemplated by the plea agreement, defendant was sentenced, as a second felony offender, to six years in prison and three years of postrelease supervision. Defendant appeals and, following the assignment of new appellate counsel (141 AD3d at 742), we affirm.
Defendant attacks the denial of his suppression motion. The two troopers involved in [*2]the traffic stop testified at the suppression hearing, and their testimony reflects that they lawfully stopped the vehicle in which defendant was traveling based upon observations and radar readings confirming that it was moving well over the posted speed limit (see People v Williams, 145 AD3d 1188, 1189-1190 [2016], lv denied 29 NY3d 1002 [2017]; People v Ponzo, 111 AD3d 1347, 1347 [2013]). The troopers were trained to identify the odor of burnt marihuana and detected it emanating from the vehicle as they approached. The troopers were thereafter justified in demanding defendant's identification and ordering him out of the vehicle; moreover, they had probable cause "to search [the] vehicle and its occupants" at that point under precedent that we decline defendant's invitation to revisit (People v Cuffie, 109 AD3d 1200, 1201 [2013], lv denied 22 NY3d 1087 [2014]; see People v Williams, 145 AD3d at 1190; People v Francois, 138 AD3d 1165, 1166 [2016]). Marihuana was found on defendant's person during the pat down that ensued, and he was handcuffed and placed against the troopers' vehicle. One of the troopers testified to seeing defendant drop the plastic bag containing the drugs to the pavement, which constituted an abandonment and "forfeit[ed] any expectation of privacy in such item" (People v Davis, 83 AD3d 1210, 1212 [2011], lv denied 17 NY3d 794 [2011]; see People v Weekes, 52 AD3d 1032, 1034 [2008], lv denied 11 NY3d 796 [2008]). It appears that County Court (Keene, J.) credited the testimony of the troopers, and we accord deference to that assessment (see People v Robinson, 156 AD3d 1123, 1130 [2017], lv denied 30 NY3d 1119 [2018]). As such, we conclude that defendant's suppression motion was properly denied (see People v Williams, 145 AD3d at 1190; People v Rasul, 121 AD3d 1413, 1415-1416 [2014]).
Defendant's contention, in his pro se supplemental brief, that County Court (Rich Jr., J.) erred in accepting his guilty plea is unpreserved in the absence of an appropriate postallocution motion (see People v Peque, 22 NY3d 168, 182 [2013]; People v Carter, 158 AD3d 946, 946 [2018]; People v DeAngelo, 136 AD3d 1119, 1120 [2016]). Inasmuch as defendant did not make any statements during the allocution that called his guilt or the voluntariness of his plea into question, the narrow exception to the preservation requirement is inapplicable (see People v Carter, 158 AD3d at 946; People v DeAngelo, 136 AD3d at 1120). Lastly, defendant's claims of ineffective assistance "that relate to the voluntariness of [his] plea are unpreserved due to his failure to make an appropriate postallocution motion, and those claims that are unrelated to the voluntariness of his plea are foreclosed by his guilty plea" (People v Williams, 145 AD3d at 1191; see People v Young, 158 AD3d 955, 956 [2018], lv denied ___ NY3d ___ [May 24, 2018]).
McCarthy, J.P., Egan Jr., Lynch and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.