People v McDonald (2018 NY Slip Op 06600)





People v McDonald


2018 NY Slip Op 06600


Decided on October 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 4, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
BRYAN C. McDONALD, Appellant.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

D.J. & J.A. Cirando, Esqs., Syracuse (John A. Cirando of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the County Court of St. Lawrence County (Champagne, J.), rendered December 5, 2016, convicting defendant upon his plea of guilty of the crimes of attempted assault in the second degree (two counts).
Defendant, formerly a United States Border Patrol agent, was indicted and charged with assault in the second degree under Penal Law § 120.05 (12). The charges stemmed from an incident that occurred in December 2015 as defendant and his spouse were driving home from a family member's retirement party. As defendant slowed to turn off of County Route 37 in the Town of Massena, St. Lawrence County, his wife, who had been drinking earlier in the evening, announced that she was going to be sick, opened the passenger door of the vehicle and either stepped or fell out onto the travel portion of the road. Shortly thereafter, defendant's wife was struck and killed by an oncoming car. According to defendant, he "lost it and started swinging," inflicting various injuries upon the subject victims — two uninvolved motorists who stopped to offer assistance.
After County Court denied defendant's motion to dismiss the indictment as legally insufficient and granted the People's motion to preclude any evidence in support of defendant's proffered defense of extreme emotional disturbance, defendant agreed to waive his right to appeal and plead guilty to attempted assault in the second degree (two counts) in exchange for concurrent, five-year terms of probation. Defendant thereafter pleaded guilty in conformity with the terms of the plea agreement, and County Court imposed the promised concurrent terms of probation. Defendant now appeals.
Contrary to defendant's assertion, he was apprised at the start of the plea colloquy that a waiver of his right to appeal was a condition of the plea agreement; County Court then explained that the appeal waiver was separate and distinct from the trial-related rights that defendant was forfeiting, and defendant, in turn, confirmed his understanding of the waiver (see People v Chaney, 160 AD3d 1281, 1282-1283 [2018], lv denied 31 NY3d 1146 [2018]; People v Larose, 160 AD3d 1215, 1215 [2018], lv denied 31 NY3d 1150 [2018]). Additionally, defendant signed a detailed written waiver in open court and assured County Court that he had read the waiver, understood its contents, was prepared to abide by its terms and had been afforded sufficient time to discuss the waiver with counsel (see People v Venable, 161 AD3d 1315, 1315 [2018], lv denied 31 NY3d 1154 [2018]; People v Smith, 157 AD3d 1059, 1059 [2018], lv denied 31 NY3d 987 [2018]). Under these circumstances, we find that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Williams, 163 AD3d 1172, 1172-1173 [2018]; People v Savage, 158 AD3d 854, 855 [2018]). Accordingly, defendant's challenge to the severity of the promised sentence imposed is precluded (see People v Velez, 158 AD3d 952, 952-953 [2018]).
Although defendant's challenge to the voluntariness of his plea survives his appeal waiver, this argument is unpreserved in the absence of an appropriate postallocution motion (see People v Williams, 163 AD3d at 1173; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]). Defendant's ineffective assistance of counsel claim — to the extent that it impacts upon the voluntariness of his plea — is similarly unpreserved for our review (see People v Reap, 163 AD3d 1287, 1289 [2018]; People v Burks, 163 AD3d 1286, 1287 [2018]). Additionally, as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement is inapplicable (see People v Jackson, 159 AD3d 1276, 1276 [2018], lv denied 31 NY3d 1149 [2018]; People v Smith, 157 AD3d at 1061).
Defendant further contends that, in order to sustain his conviction of attempted assault in the second degree (see Penal Law §§ 110.00, 120.05 [12]), it was necessary to establish that he possessed the specific intent to cause physical injury to a person who was 65 years of age or older. To the extent that defendant's argument on this point can be construed as a challenge to the legal sufficiency of the evidence supporting the indictment, such claim was waived by defendant's guilty plea (see People v Harris, 139 AD3d 1244, 1245 [2016], lv denied 28 NY3d 930 [2016]; People v Kuhlmann, 130 AD3d 1086, 1087 [2015], lv denied 26 NY3d 1089 [2015]; People v Melendez, 48 AD3d 960, 960 [2008], lv denied 10 NY3d 962 [2008]). Similarly, any assertion that the plea was factually deficient in this regard is precluded by defendant's valid appeal waiver and, further, is unpreserved for our review (see People v Brown, 163 AD3d 1269, 1271 [2018]; People v Widger, 160 AD3d 1297, 1297-1298 [2018]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
McCarthy, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.