People v Greene (2019 NY Slip Op 03112)





People v Greene


2019 NY Slip Op 03112


Decided on April 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 25, 2019

109789

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL N. GREENE, Appellant.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered August 24, 2017, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.
In January 2017, defendant was charged in a four-count indictment with various crimes stemming from allegations that he robbed a pharmacy while displaying what appeared to be gun. In satisfaction of all charges, defendant accepted a plea agreement whereby he pleaded guilty to one count of robbery in the second degree and waived his right to appeal. County Court thereafter sentenced him, in accordance with the terms of the plea agreement, to a prison term of six years, followed by five years of postrelease supervision. Defendant appeals.
Initially, we reject defendant's assertion that his appeal waiver is invalid. The record reveals that, at the outset of the plea proceeding, defendant was advised that a waiver of the right to appeal was a condition of the plea agreement, and defendant verbalized his understanding of the terms of that agreement (see People v Williams, 167 AD3d 1084, 1084-1085 [2018], lv denied 32 NY3d 1211 [2019]; People v Cherry, 166 AD3d 1220, 1221 [2018]). County Court then conveyed to defendant that his right to appeal was "separate and distinct" from the trial-related rights that he was automatically forfeiting by pleading guilty, and the court confirmed defendant's understanding that he was waiving such right (see People v Lopez, 6 NY3d 248, 256 [2006]). The record further reflects that defendant executed a written appeal waiver in open court that reiterated the same, and further recited that defendant had discussed the waiver with counsel, understood it and agreed to be bound by it (see People v Carter, 166 AD3d 1212, 1213 [2018]; People v Chaney, 160 AD3d 1281, 1283 [2018], lv denied 31 NY3d 1146 [2018]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Wood, 161 AD3d 1447, 1448 [2018]; People v Baxter, [*2]154 AD3d 1010, 1011 [2017]). In light of the valid appeal waiver, defendant's challenge to the agreed-upon sentence as harsh and excessive has been foreclosed (see People v Lopez, 6 NY3d at 256; People v Walker, 166 AD3d 1393, 1394 [2018]).
Defendant also appears to challenge the sufficiency of the evidence before the grand jury, arguing that there was no proof that he displayed a weapon or used force. His guilty plea, however, precludes this challenge (see People v Busreth, 167 AD3d 1089, 1090 [2018], lv denied ___ NY3d ___ [Mar. 20, 2019]; People v Wilburn, 158 AD3d 894, 894-895 [2018], lv denied 31 NY3d 1123 [2018]). Although the presence of alleged jurisdictional or constitutional defects in the grand jury proceeding that implicate the integrity of the process may survive a guilty plea and valid waiver of appeal (see People v Hansen, 95 NY2d 227, 232 [2000]; People v Robertson, 279 AD2d 711, 712 [2001]), the grand jury minutes here do not disclose any such infirmities (see CPL 210.35 [5]; People v Busreth, 167 AD3d at 1090; People v DeAngelo, 136 AD3d 1119, 1119-1120 [2016]).
To the extent that defendant challenges the voluntariness of his plea, this argument, as well as his related ineffective assistance of counsel claim, survive the valid appeal waiver; however, such claims are unpreserved for our review in the absence of an appropriate postallocution motion (see People v Moore, 169 AD3d 1110, 1112 [2019]; People v Rivera, 167 AD3d 1324, 1324 [2018]; People v Norton, 164 AD3d 1502, 1503 [2018], lv denied 32 NY3d 1114 [2018]). Moreover, the narrow exception to the preservation requirement was not triggered by defendant's statements during the plea allocution or sentencing (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 666 [1988]). The balance of defendant's ineffective assistance of counsel claim — including his assertions that counsel failed to explore potential defenses and coerced him into pleading guilty — involve matters outside of the record that are more appropriately suited for a CPL article 440 motion (see People v Dickerson, 168 AD3d 1194, 1195 [2019]; People v Muller, 166 AD3d 1240, 1241 [2018]). Defendant's remaining contentions have been considered and are without merit.
Egan Jr., J.P., Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.