People v Johnson (2022 NY Slip Op 06941)

People v Johnson

2022 NY Slip Op 06941

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07345
 (Ind. No. 25/20)

[*1]The People of the State of New York, respondent,
v
Chelsea J. Johnson, appellant.

Samuel S. Coe, White Plains, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J., at plea; Hyun Chin Kim, J., at sentence), rendered March 29, 2021, convicting her of manslaughter in the first degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that she was deprived of due process because the judge who presided over her plea proceeding did not preside over her sentencing proceeding is unpreserved for appellate review, since the defendant made no objection to a different judge presiding over the sentencing proceeding (see People v Gainer, 207 AD3d 745). In any event, the defendant's contention is without merit (see People v Simmons, 169 Misc 2d 525, 528 [Crim Ct, Kings County]; see e.g. People v Carpiochuqui, 201 AD3d 945; People v Mimms, 187 AD3d 1215).
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Thomas, 34 NY3d 545; People v Sanders, 25 NY3d 337, 339-342; People v Lopez, 6 NY3d 248, 256-257; People v Jensen, 205 AD3d 926). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentence imposed was excessive (see People v Campbell, 192 AD3d 822, 823; People v Smalls, 128 AD3d 1229, 1230).
The defendant's remaining contention is unpreserved for appellate review and we decline to reach it in the exercise of our interest of justice jurisdiction.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court