People v Lee (2024 NY Slip Op 01353)

People v Lee

2024 NY Slip Op 01353

Decided on March 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 14, 2024

112526
[*1]The People of the State of New York, Respondent,
v
James Lee, Appellant.

Calendar Date:February 20, 2024

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Mackey, JJ.

The Law Office of Lindsey Pieper, Rochester (Lindsey Pieper of counsel), for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

Egan Jr., J.
Appeal from a judgment of the County Court of Chemung County (Christopher P. Baker, J.), rendered August 5, 2019, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In February 2019, defendant was charged in a six-count indictment with three counts of criminal possession of a controlled substance in the third degree and three counts of criminal sale of a controlled substance in the third degree. In satisfaction thereof, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree. Pursuant to the terms of the plea agreement, defendant was sentenced to six years in prison, followed by two years of postrelease supervision. Defendant appeals.
We affirm. Defendant's sole challenge on appeal concerns the validity of the indictment. As to his argument that the counts therein are multiplicitous, his claim in this regard was forfeited by his unchallenged guilty plea (see People v Cole, 118 AD3d 1098, 1099-1100 [3d Dept 2014]; People v Oakley, 112 AD3d 1064, 1064 [3d Dept 2013], lv denied 22 NY3d 1140 [2014]; People v Slingerland, 101 AD3d 1265, 1266 [3d Dept 2012], lv denied 20 NY3d 1104 [2013]). In any event, the counts were not multiplicitous as each required proof of an additional fact, or more, that the other did not (see People v Arnold, 15 AD3d 783, 785 [3d Dept 2005], lv denied 4 NY3d 851 [2005]). Defendant's similar claim that the indictment allegedly failed to comply with the requirements of CPL 200.50 (7) is nonjurisdictional in nature and, thus, was likewise waived by his guilty plea (see CPL 200.50 [7]; People v Dubois, 150 AD3d 1562, 1564 [3d Dept 2017]; People v Cole, 118 AD3d at 1099-1100).
Garry, P.J., Clark, Pritzker and Mackey, JJ., concur.
ORDERED that the judgment is affirmed.