THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SANTO PANNUCIO, Defendant.

Supreme Court, Nassau County, December 27, 1932.

*Elvin N. Edwards, District Attorney* [*Philip Huntington, Assistant District Attorney,* of counsel], for the plaintiff.

*Silberman & Davis,* for the defendant.

VUNK, J. This is an application for a certificate of reasonable doubt.

The defendant was convicted of the crime of forgery in the second degree. The record is very confused. Several unusual forms of practice happened during the trial.

*First.* The president of the bank, upon being recalled as a witness for the People in rebuttal, testified in corroboration of the defendant that the note with the forged signature was presented by Salerno himself.

*Second.* The district attorney asked then to recall the defendant

in rebuttal. Defendant's attorney interjected, "As your own witness. The Court: I will recall him."

I know of no authority for such procedure. How may the court or the district attorney call the defendant to the stand and compel him to testify against himself? Especially is this true when the matters concerning which they are interrogating him are not in rebuttal of any testimony offered by the defense.

Thereafter the district attorney was permitted to examine him in relation to facts that had no relevancy. Upon this examination, the district attorney made the defendant his own witness.

*Third.* The district attorney, with the apparent consent of the attorney for the defendant, made a stipulation that, if a witness were called by the People, namely, one C. P. Stewart, he would testify to certain facts.

I know of no authority for such procedure in a criminal case. The testimony that it was stipulated that this witness Stewart would give was for the purpose of impeaching the testimony given by the defendant, who was either the witness for the district attorney or the witness for the court. I am unable to determine which.

*Fourth.* Throughout the charge no reference is made to the note which it is claimed the defendant either forged or uttered, knowing it to be forged.

The district attorney had been permitted to examine this defendant with reference to the giving of checks for a greater amount than the amount upon deposit. The defendant had admitted that at times he had done so. It may well be that the jury confused the giving of these checks as admitted by the defendant with the charge made with relation to the note.

When the attention of the court was called to the fact that he had not, throughout the entire charge, used the word " note," all that the court replied was, " Yes, the jury will understand that."

It will be observed that the court specifically instructed the jury that the defendant was charged with forging a check or uttering a check which he knew to be forged. This was, of course, an inadvertence, but I am of the opinion that, when the attention of the court was called to the same, he should have instructed the jury specifically that the question in the case was whether the defendant had signed Salerno's name to the note, or under the second count of the indictment had presented the note, knowing that the name " Salerno " thereon was not the signature of Salerno himself.

In view of the fact that the president of the bank corroborated the defendant at one place in his testimony by saying in effect that the defendant had taken the note away with him, and that it was later presented to the bank by Salerno himself, I am of the opinion

that the verdict of the jury was against the weight of evidence. The jury should have been, in my opinion, advised by the court more specifically of the exact charge made against the defendant.

While counsel for the defendant does not raise the question, I am of the opinion that the second count in the indictment under which the defendant was convicted does not state facts sufficient to constitute a crime, in that it refers to another pleading, namely, the first count in the indictment for a necessary fact.

Motion for a certificate will be granted. Bail will be fixed at the sum of $1,000.