Hyman T. Maas, J.
The People are appealing two orders of Irondequoit Town Court by Town Justice Michael Taddonio pursuant to CPL 450.20. The first order, dated April 28, 1975 and filed August 5, 1975, after oral argument and without a hearing, suppressed certain items of personal property allegedly seized from the defendant pursuant to a search war *64 rant of this court. The second order, dated July 17, 1975, and filed August 5, 1975, dismissed on the merits, a prosecutor’s information dated February 28, 1975 charging the defendant with criminal possession of stolen property in the third degree and criminal solicitation. The present appeal before this court involves the correctness of these orders.
This court reverses the above orders of Irondequoit Town Court on the facts and law for the reasons set forth in this memorandum decision and order. The facts germane to the decision of this court are as follows: Defendant came to trial, without a jury, on the above prosecutor’s information on the evening of June 26, 1975 in Irondequoit Town Court. Both parties, by their respective counsel, answered ready for trial, but before the first witness was sworn, entered into the following stipulation: that if representatives from the gas and electric and telephone companies were to testify, they would testify that the services to 35 Portland Parkway, Apartment 4, are in the name of Samuel and Salvatore Gingello, respectively. At this point, the fact should be noted parenthetically that this stipulation only eliminated superfluous testimony, because it does not definitively link defendant to ownership of or control over this apartment. In other words, the stipulation was clearly in the nature of a time-saving procedural device. It did not eliminate key issues or elements of proof, nor did it shift the burden of proof from the People in any way.
After this stipulation was entered into and prior to the swearing of the first witness, counsel for the defense requested the Grand Jury testimony of this witness. The Assistant District Attorney then informed the Town Justice that the Grand Jury minutes were unavailable. The court informed the prosecutor that "the court will not permit testimony of this witness without providing the Grand Jury minutes”, even though the Assistant District Attorney informed the court that the Grand Jury minutes would be available for purposes of cross-examination on the following evening. The court also rejected the alternative request of the Assistant District Attorney to grant a continuance of the nonjury trial for one day to obtain the relevant Grand Jury testimony. Because of these rulings the People were unable to proceed, and the court dismissed the prosecutor’s information on its own motion, stating that the dismissal was on the merits, because jeopardy had allegedly attached.
The first issue on appeal to resolve is whether jeopardy had *65 attached in the court below. CPL 40.30 provides in relevant part that jeopardy attaches in a nonjury trial when a "witness is sworn”. In the present case no witness was sworn. Defendant, however, argues that the stipulation entered into by the parties caused jeopardy to attach. This argument is incorrect for two reasons. First, the statute clearly provides when jeopardy attaches. As such, this court, sitting as an intermediate appellate court, is bound to follow the mandate of the Legislature until the law is changed or the statute is interpreted differently by the Court of Appeals. Furthermore, a stipulation is only the equivalent of a binding contract by which parties control or specify certain procedures, issues or modes at trial. (CPLR 2104; Matter of Wolf v Assessors of Town of Hanover, 308 NY 416; Matter of Dolgin Eldert Corp., 31 NY2d 1.)
A stipulation in a criminal case, and especially in the present case before this court, is not considered in the nature of testimonial or demonstrative evidence. (People v Gross, 130 NYS2d 282; People v Pannucio, 146 Misc 487; see, also People v Paquette, 31 NY2d 379.) Thus, jeopardy did not attach in the court below, and the dismissal was not on the merits which would not preclude a retrial on this information.
The second issue to be resolved on appeal is whether the court below abused its discretion in dismissing the prosecutor’s information. The court had no statutory authority to dismiss, on its own motion, the prosecutor’s information at the stage of the proceedings when it so acted. (See CPL 170.30, 290.10.) At most, the court could only issue an order of mistrial upon an appropriate finding by the court that "it is physically impossible to proceed with the trial in conformity with law”. (CPL 280.10, subd 3.) However, such an order would not be on the merits. (CPL 280.20.) Furthermore, the more correct posture would have been to grant a continuance of the trial for one day for the production of the relevant Grand Jury testimony. (See Matter of Girard v Rossi, 40 AD2d 13,15.) Thus, the prosecutor’s information is still intact and in effect.
The third and final issue to be resolved is the correctness of the lower court’s order of suppression. This court notes at the outset that it makes no finding as to the substantive correctness of this order of suppression, but rather only to the correctness of the procedures utilized by the court below. That court suppressed certain items of evidence which were al *66 legedly seized pursuant to the execution of a search warrant after oral argument by respective counsel and without an evidentiary hearing. CPL 710.60 carefully delineates the procedures that must be followed. Subdivision 2 provides that the court may only summarily grant a suppression motion if the People concede the truth of the allegations or the People stipulate the evidence will not be offered in evidence in any criminal proceeding against the defendant. In the present case, the People opposed the motion and did not consent to the suppression order. Furthermore, CPL 710.60 (subd 4) provides that "if the court does not determine the motion pursuant to subdivisions two or three, it must conduct a hearing and make findings of fact essential to the determination thereof’. Thus, the lower court had no statutory authority to grant defendant’s suppression motion, without an evidentiary hearing and then make appropriate findings of fact.
Accordingly, the order of suppression of the physical evidence, and the order dismissing the prosecutor’s information are reversed. The prosecutor’s information is reinstated.
The case is remanded to the court below for a hearing to determine the issues on the suppression motion, and further proceedings on the prosecutor’s information, in accord with and in furtherance of the reasons and directions herein.