(November 10, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BEALE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HALO, Appellant. [618 NYS2d 643] —Judgments, Supreme Court, New York County (Allen Alpert, J., at suppression hearing; Jeffrey Atlas, J., at jury trial), rendered February 1, 1993, convicting each defendant of burglary in the second degree and criminal possession of stolen property in the second degree, sentencing defendant Beale to concurrent terms of 1¾ to 5¼ years on each count, and sentencing defendant Halo to concurrent terms of 2½ to 7½ years on each count, unanimously affirmed.

The hearing court properly found that defendant Beale and the property recovered from him had been seized by private citizens, not subject to Fourth Amendment constraints *(People v Adler,* 50 NY2d 730, 737, *cert denied* 449 US 1014). The hearing court also properly found that police entry into defendant Halo's apartment was consented to by the sublessee and thus was lawful *(People v Cosme,* 48 NY2d 286, 290), and that the subsequent search of the apartment was lawfully conducted pursuant to a valid search warrant *(People v Arnau,* 58 NY2d 27, *cert denied* 468 US 1217). The fact and credibility determinations of the hearing court are supported by the record and will not be disturbed by this Court *(People v Prochilo,* 41 NY2d 759). However, defendant Halo's claims of prosecutorial misconduct during the suppression hearing are unsupported by the record, as are the claims of both defendants that typographical errors in a draft copy of the indictment resulted in surprise and undue prejudice in connection with the charges.

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the defendants' guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). In this connection, we reject defendant Beale's argument that there was insufficient evidence regarding the value of the stolen property. The testimony of a complainant that one necklace and earring set was purchased by him in December of 1990 for $32,000, combined with the testimony of the qualified expert that his appraisal in April of 1992 of that set, plus other enumerated items of stolen jewelry, totaled slightly over $150,000, provided a sufficient basis for the jury to reasonably determine that on the date of the burglary the

value of the stolen jewelry exceeded $50,000, as required for a conviction of criminal possession of stolen property in the second degree (see, People v Callaway, 133 AD2d 838). Further, although the trial court charged the jury that a conviction of burglary in the second degree required a finding that each defendant had physically entered the apartment in question, the prosecutor objected to this charge on the ground that the indictment charged acting in concert, and thus the prosecution was not bound by this added burden of proof (see, People v Malagon, 50 NY2d 954, 956). In any event, contrary to defendant Beale's argument, the trial testimony indicating that he was apprehended by building personnel as he left the building carrying a shopping bag containing the bulk of the stolen items, as well as the recovery of a pair of gloves from his person despite the mild May weather, and police testimony that markings found within the apartment in question were consistent with those that would have been made by the type of gloves found in defendant Beale's possession upon apprehension, constituted overwhelming evidence that defendant Beale, indeed, had physically entered the apartment in question to effect the burglary.

Contrary to defendant Beale's arguments, the trial court properly admitted testimony regarding the entry ruse attempted on the day prior to the robbery, as well as on the day of the robbery, as relevant to the jury's consideration of how a burglary could be accomplished in broad daylight in a high security building, of defendant Beale's exit from the building 20 to 30 minutes after the second attempt to use that ruse and his use of a portion of the ruse when questioned by the doormen, and of the doormen's reactions to the unauthorized presence of defendant Beale beyond the security gate. Thus, to the extent that testimony regarding the ruse suggested a prior bad act, the trial court properly exercised its discretion in admitting such testimony, as its relevance to the issues before the jury far outweighed any possible prejudice to defendant Beale (People v Ventimiglia, 52 NY2d 350, 359-360). Similarly, the trial court properly admitted the physical evidence recovered from defendant Halo's apartment, as its relevance to the issues before the jury far outweighed any prejudice to defendant Halo (supra).

We have considered defendants' additional claims of error and find they do not warrant modification of the judgments. Concur—Murphy, P. J., Rosenberger, Ross and Nardelli, JJ.