THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERMANO GOVANI, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR LUSARDI, Appellant. [645 NYS2d 13]

The verdict was based on legally sufficient evidence and was not against the weight of the evidence, including that relating to the fourth-degree conspiracy count, as to which there was strong circumstantial proof permitting the inference that defendants had conspired together to burglarize the complainant's safe deposit box (see, People v Givens, 181 AD2d 1031, lv denied 79 NY2d 1049). There is no merit to defendants' contention that because they were themselves jewelers able to obtain jewelry at wholesale prices, the value of the stolen property in this case should have been based on wholesale rather than retail cost (see, People v Colasanti, 35 NY2d 434; People v Beale, 209 AD2d 210, lv denied 85 NY2d 906). We have reviewed defendants' remaining contentions and find them without merit. Concur—Milonas, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.

DEXTER ALPER et al., Appellants, v CITY OF NEW YORK, Respondent. [644 NYS2d 623]

Petitioners' claim that they were ignorant of the law is not a valid excuse for failure to serve a notice of claim timely (Matter of Tricomi v New York City Hous. Auth., 191 AD2d 447). Renewal on the basis of the different excuse that an alleged confrontation between one of the petitioners and a City employee caused the former to delay commencement of legal proceedings out of fear of retaliation by the latter was properly denied on the ground that the new facts were known at the time of the original application. Concur—Milonas, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.