■ In the Matter of BEVELYN PEREZ, an Infant, by Her Grandmother and Legal Guardian, DOROTHY MESON, Appellant, v CITY OF NEW YORK, Respondent. [672 NYS2d 760] —In a proceeding for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the petitioner appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 4, 1996, which denied her application.

Ordered that the order is affirmed, with costs.

The petitioner tripped over an alleged defect on a City of New York sidewalk, sustaining a broken arm. She failed to serve a timely notice of claim against the City, as required by General Municipal Law § 50-e (1). Approximately seven months later, the petitioner sought leave to serve a late notice of claim (*see,* General Municipal Law § 50-e [5]). The Supreme Court denied the application, and we affirm.

The petitioner contends that her failure to timely file a notice of claim was caused by law-office failure. This does not constitute a reasonable excuse for such failure (*see, Alper v City of New York,* 228 AD2d 390; *see also, Matter of Deegan v City of New York,* 227 AD2d 620). Furthermore, since the petitioner failed to demonstrate that the City received actual notice of the essential facts constituting the petitioner's claim, and there is no evidence presented to rebut the City's claim that it would suffer prejudice as the result of the petitioner's delay in filing the notice of claim, the Supreme Court did not improvidently exercise its discretion in denying the petitioner's application (*see, Matter of Deegan v City of New York, supra; see also, Sosa v City of New York,* 206 AD2d 374, 375).

The petitioner's remaining contentions are without merit. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.