(March 3, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
RAYSHON LEE, Appellant. [790 NYS2d 307]—

Spain, J. Appeal from a judgment of the County Court of
Greene County (Pulver, Jr., J.), rendered April 28, 1998, upon a
verdict convicting defendant of four counts of the crime of as-
sault in the second degree.

Following a jury trial, defendant was convicted as charged of
four counts of assault in the second degree for his conduct on
March 5, 1997 in assaulting and causing injuries to two correc-
tion officers while an inmate at Coxsackie Correctional Facility
in Greene County. Three correction officers testified about the
incident. The first officer testified that he was escorting defen-
dant, who was agitated, up a stairwell to his cell for keeplock
when defendant punched him and then charged at him; during
the ensuing struggle, they fell down a flight of stairs, striking
another officer. Defendant continued to throw punches, hitting
the second officer in the head until he was subdued by a re-
sponse team. Defendant claimed self-defense, testifying that the
struggle was the result of the first officer's unprovoked assault
on him in the stairwell. Sentenced as a second felony offender
to two consecutive seven-year terms of imprisonment and two
concurrent seven-year terms of imprisonment, defendant now
appeals. We affirm.

Initially, defendant's contention that County Court failed to
rule on his pretrial request for a *Sandoval* ruling is unpreserved,
as defendant did not raise this claim at trial (*see* CPL 470.05
[2]; *People v Ricks*, 269 AD2d 851, 851 [2000], *lv denied* 94
NY2d 952 [2000]). In any event, a review of the *Sandoval*
conference as a whole reflects that the court implicitly granted
the prosecutor's request that, should defendant testify, inquiry
could be made of defendant regarding his prior felony convic-
tions and sentences for two robberies and attempted sale of
cocaine, with brief, reasonable inquiry into the nature of the
crimes, and denied defendant's request to further limit the in-
quiry. While the court declined to further delineate the permis-
sible boundaries of the inquiry, indicating it would monitor the
questions for compliance, we find the court provided the defense
with sufficient advance knowledge of the scope of cross-
examination (*see People v Sandoval*, 34 NY2d 371, 375 [1974]).

As contemplated by that ruling, when defendant testified, of-

fering a sharply conflicting version of the incident, thereby placing his credibility in issue, the prosecutor briefly asked him about his prior convictions, which were not similar to the current charges. The prosecutor carefully used the convictions solely to impeach defendant's credibility as a witness, and virtually no details were elicited about their underlying facts, and we discern no abuse of discretion (*see People v Hayes*, 97 NY2d 203, 207 [2002]; *People v Beverly*, 6 AD3d 874, 876 [2004], *lv denied* 3 NY3d 637 [2004]; *People v Willis*, 282 AD2d 882, 883 [2001], *lv denied* 96 NY2d 869 [2001]).

Defendant's claims of prosecutorial misconduct based upon certain comments during summation are not preserved, as no objection was raised to them at trial (*see* CPL 470.05 [2]; *People v Jenkins*, 300 AD2d 751, 753 [2002], *lv denied* 99 NY2d 615 [2003]). Nor is any remedial action warranted as a matter of discretion in the interest of justice, as the prosecutor's comments did not constitute improper vouching for the officers' credibility or denigration of the defense but, rather, constituted fair response to defendant's testimony and the defense theory, including defense counsel's summation remarks impugning the officers' credibility (*see People v Ruiz*, 8 AD3d 831 [2004], *lv denied* 3 NY3d 711 [2004]; *cf. People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

Additionally, as defendant was convicted after a trial, his challenge to the denial of his motion directed at the sufficiency of the proof before the grand jury is precluded (*see* CPL 210.30 [6]; *People v Young*, 296 AD2d 588, 589 [2002], *lvs denied* 99 NY2d 536, 538, 541 [2002]; *People v Bey*, 179 AD2d 905, 906-907 [1992], *lvs denied* 79 NY2d 918, 1046 [1992]).

We have considered defendant's remaining contentions and find they are either unpreserved or without any merit.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed.