■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL D. LAZZARO, Appellant. [877 NYS2d 764]—

Kane, J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered November 5, 2007, upon a verdict convicting defendant of the crime of driving while intoxicated.

After a roadside traffic stop, a police officer arrested defendant for driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]). Defendant moved to preclude his statements, which the People failed to specify in CPL 710.30 notices, and to suppress all of his statements. County Court held a suppression hearing and denied the motions. Following trial, the jury convicted defendant of the sole count. Defendant appeals.

County Court did not err in refusing to preclude defendant's statements. "CPL 710.30 is a notice statute intended to facilitate a defendant's opportunity to challenge before trial the voluntariness of statements made by him" (*People v Lopez*, 84 NY2d 425, 428 [1994]). The People's CPL 710.30 notice failed to

▮▮▮▮▮▮▮▮▮▮▮▮

specify the sum and substance of any statements they intended to use against defendant (*see* CPL 710.30 [1]; *cf. People v Lopez*, 84 NY2d at 428). Despite the inadequate notice, most of the statements were admissible against defendant because he moved to suppress his statements, those statements were identified at a hearing addressing their voluntariness and the court denied the motion after that hearing (*see* CPL 710.30 [3]; *People v Merrill*, 87 NY2d 948, 949 [1996], *revg on dissenting mem at* 212 AD2d 987, 988 [1995, Denman, P.J., and Balio, J., dissenting]; *People v Martinez*, 9 AD3d 679, 680 [2004], *lv denied* 3 NY3d 709 [2004]; *People v Brown*, 281 AD2d 700, 701 [2001], *lv denied* 96 NY2d 826 [2001]). The only statement that was not addressed at the suppression hearing—that defendant asked to be taken to the hospital for a blood test—was raised in defense counsel's opening statement, which opened the door for use of defendant's statement during the People's case-in-chief (*see People v Vasquez*, 33 AD3d 636, 637 [2006], *lv denied* 8 NY3d 850 [2007]).*

The prosecutor's summation did not deprive defendant of a fair trial. Defendant did not object to most of the comments he now attacks, thereby failing to preserve his argument (*see People v Lee*, 16 AD3d 704, 705 [2005], *lv denied* 4 NY3d 887 [2005]). In any event, the prosecutor did not vouch for his witnesses, he merely provided fair comment on their credibility in response to the defense summation (*see People v Hopkins*, 56 AD3d 820, 820-821 [2008]; *People v Lee*, 16 AD3d at 705). The prosecutor's demonstration of blowing through a straw, even if inappropriate, was not pervasive so as to deprive defendant of a fair trial (*see People v Grady*, 40 AD3d 1368, 1374-1375 [2007], *lv denied* 9 NY3d 923 [2007]).

Cardona, P.J., Peters, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

* We disagree with defendant's argument that the prosecutor first raised defendant's statement. The oblique reference to a hospital in the People's opening statement did not imply that defendant had made any related statements.