■ The People of the State of New York, Respondent, v Benjamin Beekman, Appellant. [22 NYS3d 619]—

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered March 10, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

In satisfaction of a two-count indictment, defendant pleaded guilty to burglary in the third degree and waived his right to

appeal. Prior to sentencing, defendant was assigned new counsel and moved to withdraw his plea. County Court denied the motion without a hearing and, thereafter, sentenced defendant as a second felony offender, in accordance with the plea agreement, to a prison term of 3 to 6 years. Defendant appeals.

We are unpersuaded by defendant's contention that County Court erred in denying his motion to withdraw his plea without a hearing. "The decision to permit withdrawal of a guilty plea is a matter within the trial court's sound discretion, and a hearing is required only where the record presents a genuine question of fact as to its voluntariness" (*People v Shurock*, 83 AD3d 1342, 1343 [2011] [internal quotation marks and citations omitted]). "Only in the rare instance will a defendant be entitled to an evidentiary hearing" (*People v Baret*, 11 NY3d 31, 33 [2008] [internal quotation marks and citation omitted]).

Here, in support of the motion to withdraw, defendant and his newly assigned defense counsel submitted affidavits indicating that the motion was based upon defendant not fully understanding the consequences of his plea and being subjected to undue duress as a result of defense counsel's failure to both inform him of a preindictment plea offer and sufficiently explore defendant's eligibility to participate in a drug treatment program. Defendant's contention that defense counsel failed to informed him of a preindictment plea offer is belied by the record, which reveals that defendant rejected such offer. Further, the record establishes that defense counsel requested that defendant be permitted to participate in a drug treatment program, but that defendant was ineligible due to his prior violent felony conviction. Review of the plea colloquy establishes that defendant admitted his guilt, acknowledged that he was not threatened or coerced into pleading guilty, understood the proceedings and his rights, had sufficient time to discuss the plea with defense counsel and was satisfied with counsel's representation. In view of the foregoing, we find no abuse of discretion by County Court in denying the motion without a hearing, as there was no basis to warrant further inquiry regarding the voluntariness of the plea (*see People v Baret*, 11 NY3d at 34; *People v Singletary*, 51 AD3d 1334, 1334 [2008], *lv denied* 11 NY3d 741 [2008]).

Also without merit is defendant's contention that he was deprived of the effective assistance of counsel. "In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent ef-

fectiveness of counsel" (*People v Nieves*, 89 AD3d 1285, 1286 [2011] [internal quotation marks and citation omitted]; *see People v Vonneida*, 130 AD3d 1322, 1322 [2015]). Here, in addition to defendant acknowledging that he was satisfied with defense counsel's representation, the record reflects that defense counsel pursued pretrial motions and, despite defendant's contention to the contrary, negotiated a favorable plea agreement on defendant's behalf that resulted in an appreciable reduction in the potential prison sentence that he might have otherwise received had he been sentenced as a persistent felony offender. Under these circumstances, we find that defendant received meaningful representation (*see People v Wren*, 119 AD3d 1291, 1292 [2014], *lv denied* 24 NY3d 1048 [2014]; *People v Evans*, 81 AD3d 1040, 1041 [2011], *lv denied* 16 NY3d 894 [2011]).

Lahtinen, J.P., Rose, Lynch and Devine, JJ., concur. Ordered that the judgment is affirmed.