*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    106558
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
          v                                    MEMORANDUM AND ORDER

NORMAN L. HARRIS,
                        Appellant.
_____


Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

                       _____


        David M. Kaplan, Penfield, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (John R.
Thweatt of counsel), for respondent.

                       _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered February 24, 2014, convicting
defendant (1) upon his plea of guilty of the crime of attempted
assault in the first degree, and (2) following a nonjury trial of
the crime of robbery in the third degree.

        During an argument over drugs on January 18, 2013,
defendant struck the victim over the head with an ax three times
and thereafter was indicted for robbery in the first degree,
attempted assault in the first degree and other crimes
(hereinafter the first indictment).  Days later, defendant
forcibly stole property at knife point from a taxicab driver and
was indicted for robbery in the first and third degrees
(hereinafter the second indictment).  Following a <u>Wade</u> hearing

and other pretrial motion practice, the parties reached a comprehensive agreement resolving both indictments (hereinafter the agreement). Pursuant to the agreement, defendant pleaded guilty to attempted assault in the first degree under the first indictment, in exchange for a prison sentence of 10 years with five years of postrelease supervision. On the second indictment, defendant waived his right to a jury trial and consented to a stipulated set of facts admitting the robbery in the third degree charge, in exchange for a promised concurrent prison sentence of 2⅓ to 7 years, resulting in County Court finding him guilty on that count. Defendant was sentenced consistent with the agreement and now appeals.

Initially, defendant's claim that County Court failed to rule on that part of his omnibus motion seeking to dismiss the indictments based upon insufficient evidence before the grand jury is unpreserved, as defendant failed to raise this claim at any point prior to sentencing (see CPL 470.05 [2]; People v Lee, 16 AD3d 704, 704 [2005], lv denied 4 NY3d 887 [2005]). Moreover, by pleading guilty to attempted assault under the first indictment while this motion was pending and stipulating to the facts under the second indictment, which was the functional equivalent of a guilty plea (see People v Brooks, 23 AD3d 847, 848 [2005], lvs denied 6 NY3d 810, 811 [2006]; People v Harler, 296 AD3d 712, 713-714 [2002]), defendant abandoned any challenge to the lack of a ruling on his motion (see People v Rodriguez, 50 NY2d 553, 557-558 [1980]). By entering into the agreement, he also waived his right to challenge the legal sufficiency of the evidence supporting the indictments (see People v Cole, 118 AD3d 1098, 1099 [2014]; People v Melendez, 48 AD3d 960, 960 [2008], lv denied 10 NY3d 962 [2008]).[1]

_____

[1] Notably, shortly before he accepted the agreement, defendant himself pressed for and received a ruling by County Court on certain pro se pretrial motions, which were denied. Defendant did not raise any issue from his pending omnibus motion filed by defense counsel regarding the legal sufficiency of the evidence to support the indictments. County Court thereafter ascertained, prior to proceeding with the plea allocation and accepting defendant's guilty plea and stipulation, that defendant

Defendant's claim that his guilty plea and stipulation were not voluntary in that he felt pressured is not preserved for our review in the absence of evidence that he made an appropriate and timely postallocution motion (see CPL 220.60; People v Butler, 134 AD3d 1349, 1350 [2015], lvs denied 27 NY3d 962, 963 [2016]).[2] Moreover, defendant did not make any statements during his plea allocution or stipulation that were inconsistent with his guilt or called into question their voluntariness so as to trigger the narrow exception to the preservation rule (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Guyette, 121 AD3d 1430, 1431 [2014]). Similarly unpreserved for our review is defendant's claim that his waiver of a jury trial was not voluntary. In any event, were we to address this issue, we would find that there is an affirmative showing on this record that defendant was advised of, understood and knowingly waived his right to a jury trial, after discussing it with counsel and signing a written waiver of jury trial in open court (see CPL 320.10; People v Pazmini, 132 AD3d 1015, 1015 [2015]).

Defendant further argues that a restitution hearing should be ordered to ascertain the correct amount of restitution to be paid to the assault victim under the first indictment. However, as part of the agreement, defendant expressly agreed to pay restitution to the victim to cover his medial expenses. Given that defendant never requested a hearing or objected to the amount awarded at sentencing, this argument is not preserved for our review (see People v Roshia, 133 AD3d 1029, 1031 [2015]).[3]

---

did not desire the court to entertain any other motions.

[2] Defendant's postsentencing motions pursuant to CPL article 440 to vacate the judgment of conviction, among other things, which County Court denied, are not part of the record on appeal and are not properly before us.

[3] As defense counsel noted at sentencing, a defendant may later move for resentencing to modify the amount of restitution (see CPL 420.10, 420.30).

Also without merit is defendant's contention that he was deprived of the effective assistance of counsel in that counsel failed to object or intercede during the plea allocution in order to ensure that defendant's guilty plea was not the product of coercion or pressure. Under established law, "a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Vonneida, 130 AD3d 1322, 1322 [2015] [internal quotation marks and citations omitted], lv denied 26 NY3d 1093 [2015]). Here, having previously rejected a plea offer requiring more prison time and with his trial imminent, defendant was offered and accepted a more beneficial agreement. Although the initial plea allocution was halted when defendant insisted on, and received, rulings on his pro se motions, the proceedings later resumed and defense counsel advised County Court that defendant wished to accept the agreement; defendant repeatedly and unequivocally confirmed his desire to enter a guilty plea, asserting that it was "[b]ecause I am guilty" and that he had sufficient time to discuss the plea with his attorney. Contrary to defendant's claims, neither the court's remarks nor the pace and sequence of the proceedings supports a finding that defendant was pressured into entering a guilty plea and, accordingly, defense counsel cannot be faulted for not objecting or attempting to intercede. As the record reflects that counsel pursued appropriate pretrial motions, negotiated a favorable agreement that included appreciably less time than the 40-year aggregate prison sentence that defendant faced if convicted after a trial on the indictments, we find that defendant received meaningful representation (see People v Caban, 5 NY3d 143, 152 [2005]; People v Beekman, 134 AD3d 1355, 1356-1357 [2015]).

Finally, given the violent nature of these separate crimes and inasmuch as the agreed-upon aggregate sentence was substantially less than the maximum potential consecutive sentences (see Penal Law §§ 70.00 [2] [d]; 70.02 [3] [b]; 70.25 [2]), we find no abuse of discretion or extraordinary circumstances that would warrant a reduction of defendant's sentence in the interest of justice (see CPL 470.15 [3] [c]; [6] [b]; People v Brooks, 118 AD3d 1123, 1124 [2014], lv denied 24 NY3d 959 [2014]).

Peters, P.J., Lahtinen, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court