## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: May 19, 2016                    105512B
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JUAN STEPHAN McCRAY,
                    Appellant.
_____

Calendar Date:  April 21, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Elena Jaffe Tastensen, Saratoga Springs, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered August 13, 2010, convicting defendant upon his plea of guilty of the crimes of burglary in the first degree and assault in the first degree.

        In satisfaction of a 16—count indictment, defendant pleaded guilty to burglary in the first degree and assault in the first degree pursuant to a plea agreement that included a waiver of appeal.  The charges stem from a home invasion on November 8, 2009 during which defendant severely beat an 80-year-old woman, causing serious physical injuries, and choked her 93-year-old husband, thereafter stealing their personal property and vehicle. Consistent with the agreement, County Court sentenced defendant, as a persistent violent felony offender, to concurrent prison

terms of 22 years to life, and he now appeals.[1]

Initially, defendant's claim that his guilty plea was not knowing, voluntary and intelligent, which survives an appeal waiver, was not preserved by an appropriate postallocution motion to withdraw his plea (see CPL 220.60 [3]; People v Burritt, 127 AD3d 1433, 1434 [2015]). Contrary to his claim, when he suggested during the plea allocution that he had been intoxicated at the time of these crimes and had little recall of them, County Court made extensive further inquiry establishing that he had discussed potential defenses with counsel, understood that if he pleaded guilty such defenses would never be considered, and expressly waived an intoxication defense, thereafter unequivocally allocuting to the crimes. Thus, the narrow exception to the preservation requirement was not triggered here (see People v Lopez, 71 NY2d 662, 664-665 [1988]; People v Broomfield, 128 AD3d 1271, 1271-1272 [2015], lv denied 26 NY3d 1086 [2015]). Also unpreserved is his challenge to the factual sufficiency of the plea and, in any event, he "was not required to recite the elements of his crime or engage in a factual exposition" as his "affirmative and unequivocal responses" to the court's inquiries were sufficient (People v Davis, 136 AD3d 1220, 1221 [2016] [internal quotation marks and citation omitted]).

With regard to defendant's claim that his plea was impacted because he did not have his reading glasses that had been taken into evidence upon his arrest, the record reflects that he was provided with an alternate pair of eyeglasses, and his only request was that his glasses be returned before he was sent to prison. Nothing in the record supports his contention that this affected his understanding of the evidence or plea terms or undermined the voluntariness of his plea. In any event, were we to address the foregoing claims challenging his plea, we would find that he was adequately advised of the consequences of entering a guilty plea, understood and freely accepted the plea terms, and that his plea was a "knowing, voluntary and intelligent choice among alternative courses of action" (People v

---

[1] This Court rejected a previous Anders brief in this appeal (119 AD3d 1235 [2014]).

Conceicao, 26 NY3d 375, 382 [2015]; see People v Fiumefreddo, 82 NY2d 536, 543 [1993]; People v Taylor, 135 AD3d 1237, 1237 [2016]).

We also find that defendant's appeal waiver is valid (see People v Sanders, 25 NY3d 337, 340-341 [2015]). Prior to eliciting an oral appeal waiver, County Court adequately explained it to defendant, and thereafter ensured that he reviewed the written waiver with counsel in court before signing it, making clear that it was separate and distinct from the rights automatically forfeited upon his guilty plea (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Miner, 120 AD3d 1449, 1450 [2014]). Given the valid appeal waiver, defendant's claim that he was deprived of effective representation is precluded except to the extent that it impacted upon the voluntariness of his plea (see People v Lopez, 6 NY3d at 256). As he received an advantageous plea and "nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Beekman, 134 AD3d 1355, 1356 [2015] [internal quotation marks and citation omitted]) or the voluntariness of his plea, we find that he was afforded meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]). Defendant's remaining claims also lack merit.

McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court