■ The People of the State of New York, Respondent, v Edward R. Mitchell, Appellant. [56 NYS3d 475]—

Devine, J. Appeal from a judgment of the County Court of Chemung County (Buckley, J.), rendered March 16, 2009, convicting defendant following a nonjury trial of the crime of robbery in the third degree.

As the result of an incident wherein defendant and another man forcibly stole property from the victim, defendant was charged in an indictment with robbery in the first degree and robbery in the second degree (two counts). Defendant thereafter waived his right to a jury trial and stipulated to a set of facts wherein he used physical force against the victim and, in concert with another, took various items from him. Defendant did so upon the understanding that County Court would conduct a bench trial, find him guilty of the lesser included offense of robbery in the third degree, rather than any count in the indictment, and sentence him to 1 to 3 years in prison. Defendant's expectations were fulfilled to the letter, and he now appeals.

We affirm. The record demonstrates that defendant made a knowing, intelligent and voluntary decision to forgo a jury trial and stipulate to facts intended to result in a conviction for a lesser included offense, a situation presenting "the functional equivalent of a guilty plea" (*People v Harris*, 139 AD3d 1244, 1245 [2016], *lv denied* 28 NY3d 930 [2016]; *accord People v Brooks*, 23 AD3d 847, 848 [2005], *lvs denied* 6 NY3d 810, 811 [2006]; *People v Harler*, 296 AD2d 712, 714 [2002]; *cf. People v Douglas*, 24 AD3d 1019, 1020 [2005]). Accordingly, inasmuch as defendant failed to challenge the sufficiency of the stipulated facts prior to the imposition of sentence, his present contention in that regard is unpreserved (*compare People v Harris*, 139 AD3d at 1246, *and People v Rychel*, 284 AD2d 662, 663 [2001], *with People v Douglas*, 24 AD3d at 1020 n). In any case, our review confirms that the stipulated facts provided legally sufficient proof to support the conviction, and it follows that reversal in the interest of justice is not warranted (*see* Penal Law §§ 160.00, 160.05; *People v Rychel*, 284 AD2d at 663).

Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is affirmed.