People v Breedlove (2018 NY Slip Op 00193)





People v Breedlove


2018 NY Slip Op 00193


Decided on January 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2018

106723

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GERALD L. BREEDLOVE, Appellant.

Calendar Date: November 13, 2017

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Lance N. Salisbury, Ithaca, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Damian M. Sonsire of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered February 10, 2014, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fifth degree.
In June 2013, defendant was charged in a two-count indictment with criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the fifth degree stemming from a motor vehicle stop made at approximately 9:15 a.m. on May 7, 2013. After defendant stopped his vehicle, he ran from the scene. The police officer pursued defendant as he ran into the backyard of a residence where the officer saw him make a tossing motion with his hands as if he was discarding something. Police officers secured and handcuffed
defendant in the backyard and thereafter found a blue hat, orange pill bottle and a small handgun on the ground near the location where defendant was apprehended. All three items were collected as evidence and subjected to DNA testing. The DNA found on the hat and pill bottle matched defendant's DNA, but the DNA sample collected from the gun was insufficient to permit conclusive testing. After a jury trial, defendant was convicted of criminal possession of a controlled substance in the fifth degree, but a mistrial was declared on the charge of criminal possession of a weapon in the second degree because the jury could not reach a unanimous verdict on that count. Thereafter, County Court sentenced defendant, as a second felony offender, to a prison term of four years, with two years of postrelease supervision. Defendant [*2]now appeals from this judgment.[FN1]
Defendant first argues that County Court erred by holding the requested Sandoval hearing after the trial had commenced — specifically, subsequent to jury selection and prior to opening statements. This contention is not preserved for our review because it was not raised at trial (see CPL 470.05 [2]; People v Lee, 16 AD3d 704, 704 [2005], lv denied 4 NY3d 887 [2005]; People v Sealey, 239 AD2d 864, 865 [1997], lv denied 90 NY2d 910 [1997]).
Defendant further argues that County Court erred by not dismissing the charge of criminal possession of a weapon in the second degree at the first trial on the ground that the evidence was legally insufficient. His claim is not properly before us. As relevant here, a defendant can appeal only from a judgment of conviction, not from a mistrial following a hung jury (see CPL 450.10; People v Tingue, 91 AD2d 166, 167 [1983]). Thus, defendant's appeal from the judgment entered following the first trial only brings up for review issues related to his conviction of the crime of criminal possession of a controlled substance in the fifth degree. Moreover, defendant waived his right to challenge the legal sufficiency of the evidence supporting the indictment for criminal possession of a weapon in the second degree when he stipulated to facts sufficient to support his conviction on the lesser included charge of criminal possession of a weapon in the third degree at the second trial (see People v Mitchell, 152 AD3d 1089, 1089 [2017], lv denied 30 NY3d 1021 [2017]; People v Harris, 139 AD3d 1244, 1245 [2016], lv denied 28 NY3d 930 [2016]). Similarly, defendant may not maintain the challenge that a conviction on the charge of criminal possession of a weapon in the second degree at the first trial would have been against the weight of the evidence because he was not convicted of that charge.
Finally, we reject defendant's assertion that he was denied the effective assistance of counsel. The only reason advanced by defendant in support of that argument — that counsel failed to preserve his legal sufficiency challenge — is an insufficient basis, standing alone, to establish ineffective assistance (see People v Harvey, 96 AD3d 1098, 1100 [2012], lv denied 20 NY3d 933 [2012]). In any event, our review of the record establishes that defense counsel filed appropriate motions, advanced an argument at the Sandoval hearing that resulted in a decision limiting the prior convictions that could be used on cross-examination of defendant, cross-examined witnesses and delivered appropriate opening and closing statements that presented the jury with a reasonable defense to the weapon charge. Accordingly, defendant was provided with meaningful representation (see id. at 1100-1101).
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Subsequently, a nonjury trial was held on stipulated facts on the first count of the indictment, criminal possession of a weapon in the second degree, and defendant was found guilty of a lesser included offense of criminal possession of a weapon in the third degree. He was sentenced on that conviction to a prison term of 2 to 4 years, to run concurrently with his sentence on his conviction of criminal possession of a controlled substance in the fifth degree.