People v Busreth (2018 NY Slip Op 08383)





People v Busreth


2018 NY Slip Op 08383


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

109496

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GABRIEL N. BUSRETH, Appellant.

Calendar Date: October 11, 2018

Before: McCarthy, J.P., Egan Jr., Lynch, Mulvey and Rumsey, JJ.


Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Gordon W. Eddy of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), rendered April 12, 2017, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.
On May 30, 2016 at approximately 5:15 a.m., defendant entered the Cobble Pond Farms convenience store in the Town of Malta, Saratoga County, approached the counter and asked the clerk for a pack of cigarettes. When the clerk turned around, defendant walked behind the counter, confronted the clerk and demanded money while his hands were concealed in his pockets. After taking money from the cash register drawer, he left the store. As a result, defendant was charged in an indictment with robbery in the second degree. In satisfaction thereof, defendant pleaded guilty to attempted robbery in the second degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to three years in prison and five years of postrelease supervision. Defendant now appeals.
Initially, defendant challenges the sufficiency of the evidence before the grand jury, arguing that there was no proof that he displayed a weapon or used force. His guilty plea, however, forecloses him from raising this challenge (see People v Wilburn, 158 AD3d 894, 895-894 [2018], lv denied 31 NY3d 1123 [2018]; People v Williams, 25 AD3d 927, 929 [2006], lv denied 6 NY3d 840 [2006]). Moreover, contrary to defendant's contention, the grand jury proceeding was not jurisdictionally defective as the minutes do not disclose any prosecutorial wrongdoing, fraudulent conduct or other prejudicial error in the People's presentation of evidence that would warrant dismissal of the indictment (see CPL 210.35 [5]; People v Huston, 88 NY2d 400, 409 [1996]; People v Mesko, 150 AD3d 1412, 1415 [2017], lv denied 29 NY3d 1131 [2017]). He further asserts that his guilty plea was not knowing, voluntary and intelligent because he was pressured into entering it by the People's misrepresentations that he used force and displayed a weapon, as well as the potential 15-year prison term that he faced if convicted [*2]after trial. Although not precluded by his uncontested waiver of the right to appeal, this claim is unpreserved as the record does not disclose that defendant made an appropriate postallocution motion (see People v Norton, 164 AD3d 1502, 1503 [2018]; People v White, 164 AD3d 959, 959 [2018]; see also People v Harris, 139 AD3d 1244, 1245-1246 [2016], lv denied 28 NY3d 930 [2016]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make statements during the plea colloquy that cast doubt on his guilt or called into question the voluntariness of his plea (see People v Norton, 164 AD3d at 1503; People v White, 164 AD3d at 959). Defendant's further claim that he was denied the effective assistance of counsel, which purportedly resulted in his entry of an involuntary guilty plea, is also unpreserved for the same reason (see People v Norton, 164 AD3d at 1503; People v White, 164 AD3d at 960).
McCarthy, J.P., Lynch, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.