People v Smallwood (2021 NY Slip Op 00768)





People v Smallwood


2021 NY Slip Op 00768


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1242 KA 19-01434

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARTIN SMALLWOOD, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS, DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (R. MICHAEL TANTILLO OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Richard M. Healy, J.), rendered April 3, 2019. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the verdict is contrary to the weight of the evidence with respect to the elements of identity and intent to cause the death of the victim. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Initially, we conclude that defendant's contentions concerning the identity of the assailant are without merit in light of the evidence, including parts of his testimony, establishing that defendant was the assailant. With respect to his contention concerning the element of intent, insofar as relevant here, a person is guilty of murder in the second degree when, "[w]ith intent to cause the death of another person, he [or she] causes the death of such person" (Penal Law § 125.25 [1]). "Intent to kill may be inferred from defendant's conduct as well as the circumstances surrounding the crime" (People v Price, 35 AD3d 1230, 1231 [4th Dept 2006], lv denied 8 NY3d 926 [2007]; see People v Spencer, 181 AD3d 1257, 1258 [4th Dept 2020], lv denied 35 NY3d 1029 [2020]). A jury is also "entitled to infer that a defendant intended the natural and probable consequences of his [or her] acts" (People v Hough, 151 AD3d 1591, 1593 [4th Dept 2017], lv denied 30 NY3d 950 [2017] [internal quotation marks omitted]; see People v Lozada, 164 AD3d 1626, 1627 [4th Dept 2018], lv denied 32 NY3d 1174 [2019]).
Here, the evidence at trial establishes that defendant struck the victim in the face, knocked him to the ground, beat him with a board, and jumped on his torso with both feet. As the result of that attack, the victim sustained broken bones in his face and chest, a laceration of his liver, hemorrhages in his brain and abdominal cavity, and a large tear in the left ventricle of his heart. The medical examiner testified that the ventricular injury could only have been caused by a very forceful blow to the victim's chest, as a result of which his "chest was compressed to the extent that the ventricle ruptured." Based on our review of all of the evidence, we conclude that the weight of the evidence supports the conclusion that defendant intended to cause the death of the victim (see generally People v Taylor, 134 AD3d 1165, 1167-1168 [3d Dept 2015], lv denied 26 NY3d 1150 [2016]).
Defendant contends that he was deprived of a fair trial by prosecutorial misconduct that occurred during the People's summation. First, we reject defendant's contention that he was deprived of a fair trial by two comments the prosecutor made during summation. One of the two [*2]comments at issue was " 'a fair response to defense counsel's summation [and] fair comment on the evidence' " (People v Green, 60 AD3d 1320, 1322 [4th Dept 2009], lv denied 12 NY3d 915 [2009]; see People v Halm, 81 NY2d 819, 821 [1993]), and "County Court's jury charge cured any potential prejudice caused by statements of the prosecutor on summation that may have shifted the burden of proof" with respect to the remaining comment (People v Waterford, 124 AD3d 1246, 1247-1248 [4th Dept 2015], lv denied 26 NY3d 972 [2015]; see People v Rogers, 103 AD3d 1150, 1153 [4th Dept 2013], lv denied 21 NY3d 946 [2013]). With respect to defendant's further contention that the prosecutor inappropriately displayed emotion during summation, that "claim[] . . . [is] unsupported by the record" (People v Beale, 209 AD2d 210, 210 [1st Dept 1994], lv denied 85 NY2d 906 [1995]). With respect to defendant's final contention in this regard, that the prosecutor improperly threw or dropped a board during summation, "[t]he prosecutor's demonstration . . . , even if inappropriate, was not pervasive so as to deprive defendant of a fair trial" (People v Lazzarro, 62 AD3d 1035, 1036 [3d Dept 2009]; see generally People v Anderson, 29 NY3d 69, 72 [2017], rearg denied 29 NY3d 1074 [2017], cert denied — US &mdash, 138 S Ct 457 [2017]).
We reject defendant's further contention that the court erred in denying his request for a mistrial, which was based on the alleged improprieties during the prosecutor's summation. "The decision whether to grant a mistrial is within the sound discretion of the trial court and should not be disturbed, particularly where, as here, the decision involves the trial court's assessment of the impact of certain conduct upon a jury . . . Additionally, the court's curative instruction minimized any prejudice caused by the prosecutor's comments" (People v Samuel, 251 AD2d 1038, 1038 [4th Dept 1998], lv denied 92 NY2d 905 [1998]).
The sentence is not unduly harsh or severe.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court