People v White (2025 NY Slip Op 03359)

People v White

2025 NY Slip Op 03359

Decided on June 5, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 5, 2025

112858 113080
[*1]The People of the State of New York, Respondent,
v
Glen White, Appellant.

Calendar Date:April 21, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, Powers and Mackey, JJ.

Brian M. Callahan, Albany, for appellant.
Brian P. Conaty, District Attorney, Monticello (Thomas W. Raleigh of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the Supreme Court (Stephan Schick, J.), rendered November 17, 2020 in Sullivan County, convicting defendant following a nonjury trial of the crimes of burglary in the third degree, resisting arrest and petit larceny, and (2) by permission, from an order of said court, entered August 9, 2021 in Sullivan County, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a hearing.
On September 22, 2019 at approximately 2:30 a.m. in the Town of Mamakating, Sullivan County, several police officers observed defendant prying open the front door of a local business and then entering the establishment. When defendant exited the building with a cardboard box, several police officers confronted him and a brief foot chase ensued, during which defendant allegedly yelled that he had a gun and produced a black, metal object from his waistband. After a brief scuffle, the police arrested defendant and discovered the cardboard box contained store merchandise and money, and that the metal object was a tire iron. Defendant was charged by indictment with two counts of burglary in the second degree (counts 1 and 2), burglary in the third degree (count 3), menacing in the second degree (count 4), resisting arrest (count 5), petit larceny (count 6) and criminal possession of a weapon in the third degree (count 7).
Following several pretrial conferences relating to the delays and restrictions caused by the COVID-19 pandemic, defendant agreed to waive his right to a jury trial. Thereafter, a Sandoval hearing was held at the start of the bench trial, where Supreme Court permitted the People to ask defendant, if he were to testify, about his prior conviction of attempted burglary in the third degree that occurred a year prior to his arrest for the current charges. Defendant ultimately decided to not testify during the bench trial, and was subsequently found guilty of counts 3, 5 and 6, but acquitted of counts 1, 2, 4 and 7. Defendant was then sentenced, as a second felony offender, to 3½ to 7 years in prison for the conviction on count 3, and to lesser concurrent terms of incarceration on the other convictions. Defendant appeals.[FN1]
We affirm. Defendant contends that his waiver of the right to a jury trial was not knowing, intelligent and voluntary. This contention is unpreserved for our review as defendant did not challenge the adequacy of the allocution related to his jury trial waiver in an appropriate and timely motion (see People v Harris, 139 AD3d 1244, 1246 [3d Dept 2016], lv denied 28 NY3d 930 [2016]; see also People v Barnett, 221 AD3d 1421, 1422 [4th Dept 2023], lv denied 41 NY3d 964 [2024]; People v Williams, 149 AD3d 986, 986 [2d Dept 2017], lv denied 29 NY3d 1135 [2017]). Acknowledging that his argument is unpreserved, defendant requests that we nevertheless take corrective action in the interest of justice. We decline his invitation to do so. The record demonstrates that defendant had the opportunity [*2]to consider waiving his right to a jury trial over several conferences and conversations with his counsel. Although it is true that, due to certain pandemic restrictions, Supreme Court initially suggested that defendant waive his right to a jury trial in return for a sentencing cap of 10 years, such condition was removed as a possibility when the People later opposed the sentencing cap due to defendant's extensive criminal history. With the understanding that there was no sentencing cap, defendant requested a jury trial, which was then ordered by Supreme Court. Three days before the scheduled start of the jury trial, defendant indicated that he wanted to waive his right to a jury trial. Supreme Court engaged in an extensive colloquy regarding the benefits associated with a jury trial and the differences of a bench trial, and then inquired whether anyone had made any promises or commitments of any kind to get defendant to waive his right to a jury trial — which defendant denied. Based on defendant's responses indicating his understanding of the rights he was waiving, Supreme Court accepted defendant's written waiver of a jury trial that was signed in open court. Based on the forgoing, we are satisfied that defendant's waiver was knowing, intelligent and voluntary (see People v Smith, 6 NY3d 827, 828 [2006], cert denied 548 US 905 [2006]; People v Harris, 139 AD3d at 1246; People v Saunders, 19 AD3d 744, 744-745 [3d Dept 2005], lv denied 5 NY3d 832 [2005]).
Lastly, defendant contends that Supreme Court erred in permitting the cross-examination of his prior conviction, which was nearly identical to several of the crimes charged against defendant. We disagree. Our review of the record confirms that Supreme Court appropriately balanced the probative worth of allowing the People to inquire about defendant's most recent prior conviction — and not any of the other numerous convictions — against the risk of unfair prejudice (see People v Gannon, 174 AD3d 1054, 1059 [3d Dept 2019], lv denied 34 NY3d 980 [2019]), particularly considering that "the risk of prejudice was reduced . . . because the court is less likely than a jury to infer propensity from a defendant's prior criminal history" (People v Bickham, 189 AD3d 1972, 1975 [3d Dept 2020], lv denied 36 NY3d 1095 [2021]). Further given the circumstances of this case, where the defense trial strategy was not focused on disproving that defendant had committed a burglary — which was conceded during summations — but rather in refuting that he had used or displayed a weapon during the commission of such burglary, which was ultimately successful and resulted in an acquittal as to each count related to the use or display of a weapon, any alleged error would have been harmless due to the overwhelming evidence of defendant's guilt and no significant probability that any error contributed to his convictions (see People v Doane, 212 AD3d 875, 882 [3d Dept 2023], lv denied 39 NY3d 1154 [2023]; People v Williams, 156 [*3]AD3d 1224, 1230 [3d Dept 2017], lv denied 31 NY3d 1018 [2018]). We have examined defendant's remaining contentions and have found them to be without merit or rendered academic.
Egan Jr., J.P., Reynolds Fitzgerald, Powers and Mackey, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant filed a CPL article 440 motion seeking to set aside his sentence on the basis that he was illegally sentenced as a second felony offender, which was denied by Supreme Court. Although defendant appealed, by permission, from the denial of his CPL article 440 motion, he failed to raise that issue in his brief on appeal and, therefore, such contention is deemed abandoned (see People v Watford, 211 AD3d 1106, 1108 n 1 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]).